JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner Thomas Keenan appeals from the order of the trial court that denied his petition for post-conviction relief. For the reasons set forth below, we affirm.
 {¶ 2} On October 6, 1988, petitioner, Joe D'Ambrosio and Edward Espinoza were indicted in connection with the death of Anthony Klann. Petitioner was charged with aggravated murder (prior calculation and design), aggravated murder (felony murder), kidnapping, and aggravated burglary. Petitioner pled not guilty and the matter proceeded to a jury trial in February 1989. Petitioner was convicted and sentenced to death. In a subsequent appeal to the Ohio Supreme Court, the Court determined that prosecutorial misconduct occurred during closing argument and it vacated the convictions and ordered a new trial. See State v.Keenan (1993), 66 Ohio St.3d 402, 613 N.E.2d 203.
 {¶ 3} The second trial commenced in April 1994. At the retrial, the trial court determined that attorneys Paul Mancino, Jr. (petitioner's counsel herein) and John Higgins could not represent petitioner, as Mancino had previously represented petitioner's co-defendant Joe D'Ambrosio in his original aggravated murder case and appeal and Higgins had represented D'Ambrosio in his appeal to the Supreme Court. The trial court found that Mancino's and Higgins's prior representation of D'Ambrosio created an actual conflict of interest that precluded them from representing Keenan under DR 5-105. See State v. Keenan (1998), *Page 4 
81 Ohio St.3d 133, 1998-Ohio-459, 689 N.E.2d 929. Keenan petitioned this Court for writs of mandamus and prohibition in order to have the disqualification order vacated, but the writs were denied and the Supreme Court affirmed that denial. See State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119.
 {¶ 4} Following the retrial, petitioner was again convicted and sentenced to death. Upon appeal to this Court, petitioner maintained that he was denied his constitutional right to have his choice of counsel. This Court rejected that claim, stating:
 {¶ 5} "The trial court found that allowing Higgins and Mancino to represent Keenan would place them in an untenable position and that Keenan could not validly waive his right to be represented by counsel free from conflict of interest.
 {¶ 6} "We find no error in the trial court's decision. The trial court had a duty to protect Keenan from a possible conflict of interest. A possible conflict of interest exists when `the interests of the defendants may diverge at some point so as to place the attorney under inconsistent duties.' [Citation omitted].
 {¶ 7} "Mancino told the trial court that he represented D'Ambrosio on the direct appeal of his conviction. According to Mancino, he did not participate in the subsequent appeal to the Ohio Supreme Court. However, D'Ambrosio's case was remanded to the Court of Appeals on August 25, 1993, less than one month before the trial court conducted its inquiry into the potential conflict. Therefore, the appellate case was still open. Because Mancino was representing D'Ambrosio on the appeal *Page 5 
of his conviction for murdering the victim, the trial court correctly inquired into the potential conflict. The court's determination that a conflict existed was reasonable under the circumstances."
 {¶ 8} On appeal to the Supreme Court, this ruling was affirmed. The Supreme Court stated:
 {¶ 9} "Whether or not an actual conflict of interest existed, there clearly was a potential conflict of interest inherent in Keenan's representation by the same attorneys who had represented D'Ambrosio in litigation stemming from the same set of facts. `[A] possible conflict inheres in almost every instance of multiple representation.' Cuyler v.Sullivan (1980), 446 U.S. 335, 348, 100 S.Ct. 1708, 1718,64 L.Ed.2d 333, 346.
 {¶ 10} "* * *
 {¶ 11} "The existence of a potential conflict is fatal to Keenan's claim. * * * There is nothing in this record that could justify us in finding that the trial judge abused his discretion by disqualifying Mancino and Higgins." See State v. Keenan (1998), 81 Ohio St.3d 133,1998-Ohio-459; 689 N.E.2d 929.
 {¶ 12} On March 26, 1999, petitioner filed a petition for post-conviction relief and for a new trial. The trial court denied the petition and this court affirmed. See State v. Keenan (Feb. 1, 2001), Cuyahoga App. No. 77480. The Ohio Supreme court declined jurisdiction.State v. Keenan (2001), 92 Ohio St.3d 1429, 749 N.E.2d 756. *Page 6 
 {¶ 13} On February 6, 2004, petitioner filed a second petition for post-conviction relief, asserting various constitutional violations and recently discovered facts. The trial court dismissed the second petition for post-conviction relief and this court affirmed. See State v.Keenan, Cuyahoga App. No. 87713, 2006-Ohio-6031 On August 25, 2006, petitioner filed the instant petition for post-conviction relief. Petitioner asserted that, pursuant to United States v.Gonzalez-Lopez (2006), 548 U.S. 140, 126 S.Ct. 2557, 2561,165 L.Ed.2d 409, the second trial was tainted by structural error in the denial of his choice of counsel. The trial court denied the petition and concluded that "nothing in the holding of the Gonzalez-Lopez opinion indicates that the holding should be applied retroactively," and that the opinion reiterates that one's choice of counsel "is not absolute and may be secondary to the need to avoid potential conflict."
 {¶ 14} Petitioner now appeals and asserts that the trial court erred in denying his petition for post-conviction relief, as the trial court denied him due process of law and his constitutional right to choice of counsel.
 {¶ 15} Pursuant to R.C. 2953.21, a petitioner must show that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *." R.C. 2953.21(A)(1)(a).
 {¶ 16} With regard to successive petitions, the jurisdictional requirements of R.C. 2953.23 must be met: *Page 7 
 {¶ 17} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 18} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 19} Even if a petitioner can satisfy the jurisdictional requirements of R.C. 2953.23 with respect to a successive petition for post-conviction relief, the doctrine of res judicata may act to bar petitioner's claims for relief. State v. Franklin, Montgomery App. No. 20716, 2005-Ohio-1361. "Under the doctrine of res judicata a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was or could have been raised by the defendant at trial, which resulted in that judgment of conviction or on appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104.
 {¶ 20} With regard to the claim raised herein, we note that the Sixth Amendment provides a criminal defendant with the right "to have the Assistance of *Page 8 
Counsel for his defense." An essential element of this right is the right to have counsel of one's choice. See United States v.Gonzalez-Lopez (2006), 126 S.Ct. 2557, 2561, 165 L.Ed.2d 409. However, the right to counsel of choice is not absolute. Id. TheGonzalez-Lopez Court held that "erroneous deprivation of the right to counsel of choice, `with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as `structural error.'" (Emphasis added). The Court made clear that not all deprivations of the right to counsel of one's choice are erroneous, noting as follows:
 {¶ 21} "As the dissent too discusses, post, at ___,165 L.Ed.2d, at 423, the right to counsel of choice does not extend to defendants who require counsel to be appointed for them. See Wheat [v. UnitedStates], 486 U.S., at 159, 108 S.Ct. 1692, 100 L.Ed.2d 140; * * *. Nor may a defendant insist on representation by a person who is not a member of the bar, or demand that a court honor his waiver of conflict-free representation. See Wheat, 486 U.S., at 159-160, 108 S.Ct. 1692,100 L.Ed.2d 140."
 {¶ 22} Similarly, in a footnote, the Court remarked:
 {¶ 23} "In Wheat v. United States, 486 U.S. 153, 108 S.Ct. 1692,100 L.Ed.2d 140 (1988), where we formulated the right to counsel of choice and discussed some of the limitations upon it, we took note of the overarching purpose of fair trial in holding that the trial court has discretion to disallow a first choice of counsel that *Page 9 
would create serious risk of conflict of interest. Id., at 159,108 S.Ct. 1692, 100 L.Ed.2d 140."
 {¶ 24} In Wheat, supra, the Court noted "while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."
 {¶ 25} Reiterating its earlier holding in Holloway v. Arkansas, (1978), 435 U.S. 475, 482, 55 L.Ed.2d 426, 98 S.Ct. 1173, the Court continued:
 {¶ 26} `"Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing * * * [A] conflict may * * * prevent an attorney from challenging the admission of evidence prejudicial to one client but perhaps favorable to another, or from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another.' 435 U.S. at 489-490.'"
 {¶ 27} The Wheat Court also rejected the claim that waivers by all affected defendants cure any problems created by the multiple representation, noting that courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them and that various rules of ethics and professional conduct impose limitations on multiple representation of clients. *Page 10 
 {¶ 28} Therefore, the Wheat Court held that a trial court "must be allowed substantial latitude in refusing waivers of conflicts of interest not only * * * where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict * * * ." Wheat v. United States (1988), 486 U.S. 153, 163, 108 S.Ct. 1692,1699, 100 L.Ed.2d 140, 151.
 {¶ 29} Similarly, in United States v. Brock (C.A. 6, 2007),501 F.3d 762, the Sixth Circuit Court of Appeals held that the district court properly disqualified defense counsel based on a conflict of interest with regard to the joint representation of one of the brothers and a co-defendant and noted as follows:
 {¶ 30} "[T]he right to choose one's counsel is not absolute, and `the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.' Wheat v.United States, 486 U.S. 153, 159, 108 S. Ct. 1692, 100 L. Ed. 2d 140
(1988). Although a defendant `should be afforded a fair opportunity to secure counsel of his own choice,' Powell v. Alabama, 287 U.S. 45, 53,53 S. Ct. 55, 77 L. Ed. 158 (1932), and the court `must recognize a presumption in favor of [a defendant's] counsel of choice,'Wheat, 486 U.S. at 164, `a court confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel,' Id. at 160; See also Fed.R.Crim.P. 44(c)(2). In view of the competing interests at play, * * * a district *Page 11 
court has `substantial latitude' to deny a waiver of the conflict upon a `showing of a serious potential for conflict,' Wheat,486 U.S. at 163-64."
 {¶ 31} Applying the foregoing, we conclude that petitioner failed to demonstrate that he was unavoidably prevented from discovery of the facts upon which he relied, and failed to demonstrate that a new, retroactive right applies to his situation. Though recognizing that anerroneous denial of counsel of one's choice may constitute a structural trial defect, the Gonzalez-Lopez Court clearly recognized that the right is limited, as previously indicated in Wheat v. United States, supra. In short, the right to counsel of one's choice remains circumscribed where the trial court, in its discretion, determines that there is a "showing of a serious potential for conflict." We find no erroneous deprivation of the right to counsel of one's choice in this instance. Although Mancino insists that he simply represented D'Ambrosio in "his direct appeal [and] had no further participation in any subsequent appeal to the Ohio Supreme Court[,]" we note that Mancino represented D'Ambrosio in D'Ambrosio's "motion for delayed reconsideration". See State v.D'Ambrosio (November 2, 2001), Cuyahoga App. No. 57448 (Motion No. 329436)
 {¶ 32} Moreover, we conclude that the instant successive petition was barred by res judicata as it asserted matters that were previously decided. In State v. Keenan (1998), 81 Ohio St.3d 133, 137,1998-Ohio-459, 689 N.E.2d 929, the Supreme Court of Ohio held that: *Page 12 
 {¶ 33} "Whether or not an actual conflict of interest existed, there clearly was a potential conflict of interest inherent in Keenan's representation by the same attorneys who had represented D'Ambrosio in litigation stemming from the same set of facts. "[A] possible conflict inheres in almost every instance of multiple representation." Cuyler v.Sullivan (1980), 446 U.S. 335, 348, 100 S.Ct. 1708, 1718,64 L.Ed.2d 333, 346.
 {¶ 34} "* * *
 {¶ 35} "The existence of a potential conflict is fatal to Keenan's claim. A trial court `must be allowed substantial latitude in refusing waivers of conflicts of interest not only * * * where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict * * * .' Wheat v. United States (1988), 486 U.S. 153,163, 108 S.Ct. 1692, 1699, 100 L.Ed.2d 140, 151."
 {¶ 36} Accordingly, this claim was previously considered and rejected in the 1998 Supreme Court opinion and is therefore barred by res judicata.
 {¶ 37} The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 13 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS
 CHRISTINE T. MCMONAGLE, P.J., CONCURS IN JUDGMENT ONLY