[Cite as *State v. Griffin*, 2013-Ohio-5389.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 12AP-798 |
| | | (C.P.C. No. 12CR-01-470) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Calvin M. Griffin, | : | |
| Defendant-Appellant. | : | |

## D E C I S I O N

Rendered on December 10, 2013

*Ron O'Brien*, Prosecuting Attorney, *Laura R. Swisher*, *Barbara A. Farnbacher*, and *Branden J. Albaugh*, for appellee.

*The Law Office of Eric J. Allen, Ltd.*, and *Eric J. Allen*, for appellant.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Calvin M. Griffin, from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas following a jury trial in which appellant was found guilty of carrying a concealed weapon, improper handling of a firearm in a motor vehicle, and possession of cocaine.

{¶ 2} On November 9, 2011, Columbus police officers conducted a traffic stop of a vehicle in which appellant was the driver and sole occupant. Appellant was placed under arrest for failure to possess a valid driver's license, and the vehicle he was driving, which was registered in someone else's name, was impounded. An inventory search of the vehicle led to the discovery of a loaded 9 mm handgun and 24.19 grams of cocaine.

{¶ 3} On January 30, 2012, appellant was indicted on one count of carrying a concealed weapon, in violation of R.C. 2923.12, one count of improperly handling a firearm in a motor vehicle, in violation of R.C. 2923.16, one count of possession of cocaine, in violation of R.C. 2925.11, and one count of having a weapon while under disability, in violation of R.C. 2923.13.

{¶ 4} The case came for trial before a jury beginning July 23, 2012. Following the presentation of evidence, the jury returned verdicts finding appellant guilty of the counts charging him with carrying a concealed weapon, improper handling of a firearm in a motor vehicle, and possession of cocaine. The trial court separately found appellant guilty of Count 4 (having a weapon while under disability), and the court sentenced appellant by entry filed August 10, 2012.

{¶ 5} On appeal, appellant sets forth the following two assignments of error for this court's review:

> ASSIGNMENT OF ERROR I
>
> THE TRIAL COURT ERRED BY REFUSING TO ALLOW APPELLANT TO OBTAIN NEW COUNSEL WHEN REQUESTED IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHTS.
>
> ASSIGNMENT OF ERROR II
>
> APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS THE EVIDENCE ON HIS BEHALF.

{¶ 6} Under his first assignment of error, appellant asserts the trial court erred in refusing his request to obtain new counsel. By way of background, on the morning of the first day of trial, prior to the jury being impaneled, defense counsel informed the trial court that she believed appellant no longer wanted her representation. Appellant cites the following portion of the trial transcript involving a colloquy between defense counsel, the trial court, and appellant:

> [DEFENSE COUNSEL]: And also, my client - - I don't think he wants me to represent him, but - -
>
> THE COURT: Mr. Griffin, do you want to put something on the record?

DEFENDANT GRIFFIN: Yes. I don't think she's working on my behalf, sir, so I do want somebody else on it that I feel is - - if I'm going to put money on it, too, that they're going to be working on my behalf. And I don't see anything that she's doing for me. She's like lack of communication to me.

Since May 20th she said she was going to come see me, and to this date the first day I ever seen her. She didn't come down one time to see me, so I've got to get somebody on my case that's going to work for me in my behalf and win this case. I don't think she's good enough for me.

Thank you.

THE COURT: Well, the answer is no.

(Tr. 4-5.)

{¶ 7} Appellant asserts the trial court failed to address his concerns, arbitrarily refusing his request for new counsel and proceeding with trial. Appellant argues that the trial court's action violated his right to counsel of choice under the Sixth Amendment.

{¶ 8} In response, the state contends the record indicates that appellant, although initially able to retain private counsel, was in fact indigent. The state cites to appellant's "Ex Parte Motion for Investigative Fees," filed with the trial court on May 14, 2012, and the accompanying memorandum in support, in which appellant represented he was unable to hire an investigator because he was indigent. The state also notes that the trial court declared appellant indigent and provided him with appointed counsel for purposes of appeal.

{¶ 9} In general, "[t]he right to counsel of one's choice is an essential element of the Sixth Amendment right to have the assistance of counsel for one's defense." *State v. Frazier,* 8th Dist. No. 97178, 2012-Ohio-1198, ¶ 26, citing *State v. Keenan*, 8th Dist. No. 89554, 2008-Ohio-807. This includes the right, when a defendant has the ability to retain his own attorney, to be represented by counsel of choice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). However, the right to retained counsel of choice "is not absolute, * * * and courts have 'wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar.' " *Frazier* at ¶ 26, citing *Gonzalez-Lopez* at 152. In this respect, a trial court's "difficult responsibility of

assembling witnesses, lawyers and jurors for trial 'counsels against continuances except for compelling reasons.' " *State v. Howard,* 5th Dist. No. 2012CA00061, 2013-Ohio-2884, ¶ 40, quoting *Morris v. Slappy,* 461 U.S. 1, 11 (1983). Accordingly, "decisions relating to the substitution of counsel are within the sound discretion of the trial court." *Frazier* at ¶ 26, citing *Wheat v. United States*, 486 U.S. 153, 159 (1988).

{¶ 10} Further, "when the timing of a request for new counsel is an issue, a trial court may make a determination as to whether the appellant's request for new counsel was made in bad faith." *Frazier* at ¶ 27, citing *State v. Graves*, 9th Dist. No. 98CA007029 (Dec. 15, 1999). It has been held that "[a] motion for new counsel made on the day of trial 'intimates such motion is made in bad faith for the purposes of delay.' " *Id.*, quoting *State v. Haberek,* 47 Ohio App.3d 35, 41 (8th Dist.1988).

{¶ 11} The record on appeal in this case lends support to the state's contention that appellant was indigent at the time of trial. In his motion for investigative fees, filed several months before trial, it was represented by appellant that, although his "extended family * * * retained Attorney Wonnell * * * Mr. Griffin is indigent, and the family does not have money to retain an investigator." As noted by the state, at the time of trial appellant did not indicate he had been in contact with (or that he had secured) new retained counsel, nor did he request a continuance in order to hire a new attorney of his choosing. As also noted by the state, the trial court determined that appellant was indigent for purposes of appeal, appointing counsel to represent him. Upon review, the record does not indicate the trial court denied appellant the right to retained counsel of choice; rather, in responding to appellant's claimed dissatisfaction with trial counsel, the court in essence was addressing a request for new appointed counsel.

{¶ 12} A defendant "bears the burden of demonstrating grounds for the appointment of new counsel." *State v. Erwin,* 10th Dist. No. 09AP-918, 2010-Ohio-3022, ¶ 8. Thus, "[i]f a 'defendant alleges facts which, if true, would require relief, the trial court must inquire into the defendant's complaint and make the inquiry part of the record.' " *Id.*, quoting *State v. Smith,* 4th Dist. No. 98CA12 (Dec. 29, 1998). This inquiry "may be brief and minimal," but "must be made." *Id.* However, " '[e]ven that limited judicial duty arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further.' " *Id.*, quoting *Smith.*

{¶ 13} In the instant case, appellant's dissatisfaction with his present counsel was stated in general terms. Specifically, appellant told the trial court: "I don't think she's working on my behalf * * * I don't see anything that she's doing for me." (Tr. 5.) While trial courts have an obligation to make some inquiry into a defendant's dissatisfaction with counsel, reviewing courts require a defendant to raise concerns about counsel "with sufficient specificity to warrant further investigation." *State v. Washington,* 1st Dist. No. C-000754 (Aug. 17, 2001) ("A trial court, without more, does not abuse its discretion in finding that a general allegation of unhappiness with appointed counsel is so vague that it does not require additional investigation"); *State v. Hawkins,* 8th Dist. No. 91930, 2009-Ohio-4368, ¶ 54 (Defendant's statement to judge that "he felt like his lawyers were 'not going to fight for him to the fullest extent' " not sufficiently specific to trigger court's duty to inquire further).

{¶ 14} Here, while the trial court did not conduct a lengthy inquiry, it nonetheless permitted appellant to address the court and explain why he was unhappy with his counsel. As noted, appellant's dissatisfaction with counsel was expressed in general terms. The record on appeal, however, does not reflect that trial counsel was unprepared to proceed with trial, nor does it suggest such a breakdown in the attorney-client relationship that appellant failed to receive adequate representation. In sum, appellant "did not establish a complete breakdown in communications with counsel or 'good cause' to substitute counsel." *State v. Williams,* 99 Ohio St.3d 439, 2003-Ohio-4164, ¶ 55. *See also State v. Coleman,* 2d Dist. No. 19862, 2004-Ohi0-1305, ¶ 25, citing *State v. Gordon,* 149 Ohio App.3d 237, 241, 2002-Ohio-2761 (1st Dist.) ("mere hostility, tension and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense").

{¶ 15} Moreover, appellant's complaint regarding his counsel was not made until the first day of trial, and therefore would have necessitated a continuance of trial. While not entirely clear, the record suggests this was the first time the trial court was made aware of any dissatisfaction by appellant with counsel. Under Ohio law, "the right to counsel must be balanced against the court's authority to control its docket, as well as its awareness that a 'demand for counsel may be utilized as a way to delay the proceedings or

trifle with the court.' " *State v. Mizell,* 1st Dist. No. C-070750, 2008-Ohio-4907, ¶ 26, quoting *State v. Crew,* 8th Dist. No. 86943, 2006-Ohio-4102, ¶ 17. Upon review, the trial court did not abuse its discretion in refusing to delay appellant's trial based upon his untimely, generalized complaints regarding counsel. Accordingly, the first assignment of error is without merit and is overruled.

{¶ 16} Under his second assignment of error, appellant contends he was denied effective assistance of counsel because his trial counsel failed to file a motion to suppress evidence. Appellant argues that evidence of the cocaine and weapon discovered during the inventory search of the vehicle should have been suppressed, and that defense counsel was ineffective in failing to file a suppression motion prior to trial. Appellant cites trial testimony that no usable prints were recovered from the bag of cocaine found in the vehicle; further, that the handgun was tested for DNA and compared with appellant's DNA, indicating a DNA mixture of at least three individuals. While appellant acknowledges trial testimony that he could not be excluded as a contributor to the mixture,[1] he argues it is possible his DNA was not among the DNA found due to the lack of a definite match.

{¶ 17} In response, the state maintains appellant does not claim the evidence was illegally obtained, and that his challenge goes to the weight to be given the evidence, not its admissibility. The state argues appellant cannot demonstrate ineffective assistance because he cannot show the filing of a motion to suppress would have been meritorious.

{¶ 18} In order to establish ineffective assistance of counsel based upon failure to file a motion to suppress, a defendant "must prove that there was a basis to suppress the evidence in question." *State v. Brown,* 115 Ohio St.3d 55, 2007-Ohio-4837, ¶ 65, citing *State v. Adams,* 103 Ohio St.3d 508, 2004-Ohio-5845, ¶ 35. *See also State v. Gibson,* 69 Ohio App.2d 91, 95 (8th Dist.1980) ("Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion").

{¶ 19} In the instant case, appellant points to nothing in the record indicating there was a basis to challenge the inventory search. *State v. Smith,* 10th Dist. No. 08AP-

---

[1] At trial, a DNA analyst testified that appellant's "DNA profile was present in the DNA mixture, and his profile * * * could not be excluded as being a contributor to that mixture." (Tr. 131-32.)

420, 2008-Ohio-6520, ¶ 18.   At trial, police officers testified that the vehicle was impounded because appellant, who was the sole occupant of the vehicle, did not have a driver's license, i.e., there was nobody else to drive the vehicle. According to the testimony presented, after the vehicle was impounded an inventory search was performed consistent with established procedures at which time the items at issue were discovered.  A valid inventory search is an exception to the warrant requirement, and in Ohio "a standard inventory search of a lawfully impounded automobile * * * is permissible."  *State v. Nields,* 93 Ohio St.3d 6, 27 (2001), citing *State v. Robinson*, 58 Ohio St.2d 478 (1979), syllabus.[2]

{¶ 20} Here, there is no showing that the search performed did not comply with applicable police procedures.  Because a reasonable attorney could have concluded that the search was a valid inventory search, appellant has not demonstrated that trial counsel was ineffective in failing to challenge the basis of the search.  *See State v. Woodard,* 11th Dist. No. 2009-A-0047, 2010-Ohio-2949, ¶ 35 (trial counsel not ineffective for failing to file motion to suppress that would have been futile based upon established case law).

{¶ 21} Accordingly, the second assignment of error is without merit and is overruled.

{¶ 22} Based upon the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

————————————————

---

[2] In general, police inventory search procedures were developed "in response to three distinct needs: the protection of the owner's property while it remains in police custody, * * * the protection [of] the police against claims or disputes over lost or stolen property, * * * and the protection of the police from potential danger.  *South Dakota v. Opperman,* 428 U.S. 364, 369 (1976).