[Cite as *State v. Lacey*, 2016-Ohio-1375.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 102812

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTONIO M. LACEY

DEFENDANT-APPELLANT

---

## JUDGMENT:
### VACATED; REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-591059-A

**BEFORE:** Kilbane, P.J., E.T. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** March 31, 2016

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Ryan J. Bokoch
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Antonio Lacey ("Lacey"), appeals from his guilty plea to felonious assault. For the reasons set forth below, we vacate Lacey's conviction and sentence and remand for further proceedings.

{¶2} In November 2014, Lacey and codefendants Michael Hoston and Delontae Phillips were charged in a four-count indictment.[1] Counts 1 and 2 charged each of them with felonious assault and carried a one-and-three year firearm specification. Counts 1 and 2 also charged Lacey with a notice of prior conviction and a repeat violent offender specification. Count 3 charged each of them with discharge of firearm on or near prohibited premises. Count 4 charged Lacey with having a weapon while under disability.

{¶3} The matter proceeded with discovery and was set for trial on Thursday, February 19, 2015. Lacey appeared in court on that day with counsel. The case was called for trial and a plea offer from the state was placed on the record. The state offered a package deal in which both Lacey and Hoston would plead guilty to one count of felonious assault in exchange for a dismissal of the remaining specifications and charges. During the discussion of the plea offer, the court advised the parties that the matter would be continued to Monday, February 23, 2015, because the court would be closed on Friday,

---

[1]Michael Hoston appealed his conviction, which was affirmed by this court in *State v. Hoston*, 8th Dist. Cuyahoga No. 102730, 2015-Ohio-5422.

February 20, 2015, for severe weather, at which point the defendants could inform the court if they want to proceed with trial or accept the state's plea offer.

{¶4} When Lacey and Hoston reconvened before the trial court on Monday, February 23, both defendants advised the court that they wished to proceed with a jury trial. However, the trial court continued the matter to March 2, 2015, because the state was engaged in trial in a different courtroom. On February 26, 2015, Lacey retained a different attorney, who filed a notice of appearance and a motion for continuance with the trial court. Newly retained counsel requested a continuance because of the fact that he was retained on February 26th and would be out of town "on a prepaid preplanned vacation until March 2, 2015, which will not allow adequate time for counsel to prepare for trial." The trial court denied Lacey's motion for continuance, causing newly retained counsel to file a motion to withdraw as counsel the next day, on February 27, 2015. In the motion, counsel stated that he was unable to prepare to defend Lacey with the schedule as set forth by the trial court. The trial court granted the motion to withdraw that same day.

{¶5} The matter then proceeded to trial on the morning of March 2, 2015. Prior to trial, Lacey indicated that he would accept the previous plea offer from the state. Pursuant to that offer, Lacey pled guilty to one count of felonious assault in exchange for the state deleting the accompanying specifications and remaining charges. The matter proceeded to sentencing that afternoon.

**{¶6}** At sentencing, the state acknowledged that the state's evidence would not be able to show who actually shot the victim. Instead, the facts would have shown that Lacey was involved in a gunfight from which a shot struck the victim. The bullet struck through the right side of the victim's skull, causing the loss of her right eye and serious sight impairment to the left eye. As a result, the state was operating on a transferred intent theory. In sentencing Lacey to seven years in prison, the trial court stated:

> I have considered the factors set forth in 2929.11 and .12 of the Revised Code as it pertains to the purposes and principles of felony sentencing and to recidivism and seriousness. You took responsibility; you pled guilty; you said you were sorry. That's why you're not going to get eight. I'll give you seven years in the penitentiary.

**{¶7}** Lacey now appeals, raising the following two assignments of error for review.

### Assignments of Error One

The trial court erred in failing to grant a continuance once [Lacey] retained new counsel.

### Assignments of Error Two

The trial court abused its discretion by imposing a seven year term of imprisonment on [Lacey].

### Motion for Continuance

**{¶8}** In the first assignment of error, Lacey argues that the trial court erred when it did not grant his motion for continuance so that his newly retained attorney could represent him at trial.

**{¶9}** A determination of whether to grant or to deny a continuance is a matter left to the discretion of the trial judge, and an appellate court may not disturb the trial court's ruling absent an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

**{¶10}** A reviewing court determines on a case-by-case basis whether the trial court's denial of a continuance motion was so arbitrary as to deprive the defendant of due process, paying particular attention to the reasons presented to the trial judge at the time the request was denied. *Unger* at 67, citing *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

**{¶11}** In determining whether the trial court abused its discretion, an appellate court "weighs * * * any potential prejudice to a defendant [against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *Id.*

**{¶12}** The *Unger* court stated that in evaluating a motion for a continuance, a court should consider: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether

it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance that gives rise to the request for a continuance; (6) and other relevant factors, depending on the unique facts of each case. *Id.* at 67-68, citing *United States v.Burton*, 584 F.2d 485 (D.C.Cir.1978); *Giacalone v. Lucas*, 445 F.2d 1238 (6th Cir.1971).

{¶13} In the instant case, the court continued trial on two occasions, with neither continuance being at Lacey's request. Trial had originally been set on February 19, 2015, but the court continued this date to February 23, 2015, because of the closure of the common pleas court for severe winter weather conditions. On February 23, 2015, Lacey advised the trial court that he wished to proceed to trial and declined the state's plea offer. However, the matter did not proceed to trial on this date. Trial was continued again because the prosecutor was in trial in another matter. The trial court then set a trial date for March 2, 2015.

{¶14} On February 26, 2015, Lacey retained a different attorney, who filed a notice of appearance and a motion for continuance with the trial court. Newly retained counsel requested a continuance because he was retained on February 26th and was going to be out of town "on a prepaid, preplanned vacation until March 2, 2015, which [would] not allow adequate time for counsel to prepare for trial." The trial court denied Lacey's motion for continuance, causing newly retained counsel to file a motion to withdraw the next day, on February 27, 2015. In this motion, counsel stated that he is unable to prepare to defend Lacey with the schedule as set forth by the trial court. The trial court

granted the motion to withdraw that same day. It was only then that Lacey pled guilty to the amended count of felonious assault.

{¶15} It is well established that the right to counsel of one's choice is an essential element of the Sixth Amendment right to have the assistance of counsel for one's defense. *State v. Keenan*, 8th Dist. Cuyahoga No. 89554, 2008-Ohio-807, ¶ 30. The right to specific counsel of one's choice stems from "the conviction that a defendant has the right to decide, within limits, the type of defense he wishes to mount." *United States v. Laura*, 607 F.2d 52, 56 (3d Cir.1979), citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Brooks v. Tennessee*, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972). While the right to counsel of one's choice is embedded in our jurisprudence, we recognize that this right is not absolute. *State v. Hanson*, 8th Dist. Cuyahoga No. 99362, 2013-Ohio-3916, ¶ 24.

{¶16} Here, Lacey sought a continuance so that he may have the counsel of his choice to represent him at trial because he lacked confidence in current counsel. This was Lacey's first and only request for a continuance after the court set the original February 19, 2015 trial date. The trial court continued the matter because of the weather, and continued the matter for a second time at the state's request. Lacey sought a continuance because his newly retained counsel was going to be out of town on a prepaid, preplanned vacation until March 2, 2015, which would not have allowed counsel adequate time to prepare for trial. Only after the trial court denied his motion for continuance, did Lacey accept the state's plea offer.

{¶17} Given the circumstances of this case, we find that the *Unger* factors weighed strongly toward granting Lacey's motion for a continuance. There is no evidence in the record to establish that Lacey's request was dilatory, purposeful, or contrived. There is no pattern of hiring and firing counsel as a dilatory tactic or in requesting previous continuances upon contrived grounds. Furthermore, the potential prejudice to Lacey outweighed the trial court's desire to control its docket or the benefit of an earlier resolution.

{¶18} Accordingly, the first assignment of error is sustained.

Sentence

{¶19} In the second assignment of error, Lacey argues the trial court abused its discretion in sentencing him to seven years in prison.

{¶20} However, our disposition of the first assignment of error renders this assigned error moot. App.R. 12(A)(1)(c).

{¶21} Accordingly, we vacate Lacey's conviction and sentence and remand so Lacey can proceed with counsel of his choosing.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR