[Cite as *State v. Petty*, 2017-Ohio-8732.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105222**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LAMAR PETTY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-588680-A

**BEFORE:** Kilbane, P.J., McCormack, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 30, 2017

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Lamar Petty ("Petty"), appeals from his convictions and sentence for aggravated robbery, grand theft, receiving stolen property, drug possession, and having weapons while under disability. For the reasons set forth below, we affirm.

{¶2} In September 2014, Petty was charged in a nine-count indictment arising out of the theft of a motor vehicle in August 2014. Petty was charged with aggravated robbery, kidnapping, grand theft, two counts of receiving stolen property, drug possession, improperly handling firearms in a motor vehicle, and two counts of having a weapon while under disability.

{¶3} This matter was set for trial on November 24, 2014. On that day, the trial court asked the parties if they were ready to proceed to trial. The state and Petty's retained defense attorney indicated that they were ready to so proceed. The state placed its plea offer on the record. Petty's defense counsel explained to the trial court that she had discussed the state's plea offer at length with Petty and that Petty had indicated to her that he wanted to go to trial. The trial court inquired the same of Petty.

> THE COURT: Let me ask Mr. Petty. I know nothing about this case, to be fair to you, but I just want to make sure you're making the right decision and you understand everything going on. Have you had a chance to talk to [your attorney] about this case?
>
> [PETTY]: Yes, Your Honor. And with all due respect to the court, I would like to not give my lawyer to represent me in this case, Your Honor.
>
> THE COURT: That's not — what are you talking about?

[PETTY]: I would like a new attorney, your Honor.

THE COURT: Well, you don't get to pick and choose.

[PETTY]: I understand that. All due respect, I do feel —

{¶4} The trial court then went through the state's plea offer with Petty and again inquired of Petty whether he desired to go to trial. The trial court explained to Petty that although he may be disappointed with the plea offer, the plea offer itself was not necessarily his defense counsel's fault, because the state "ultimately controls their negotiation process." Petty acknowledged that he understood this point. The trial court asked defense counsel to detail the work she had done on Petty's behalf. The trial court again inquired of Petty if he wanted to go to trial. Petty asked for a few minutes to "talk about it" with counsel. The trial court told Petty he could discuss it with counsel while the trial court began voir dire.

{¶5} After the trial court had begun voir dire, Petty's counsel indicated to the trial court that he was now willing to accept the state's plea offer. Pursuant to the plea offer, Petty pled guilty to aggravated robbery with a one-year firearm specification, grand theft, receiving stolen property, drug possession, and having a weapon while under disability.

{¶6} After entering this plea and prior to sentencing, Petty filed pro se motions to withdraw his plea and to disqualify counsel.

{¶7} At sentencing, the trial court asked Petty:

THE COURT: All right. Is it your desire to proceed on these motions?

[PETTY]: No, your Honor.

{¶8} The trial court sentenced Petty to a total of eight years in prison. This sentence included a prison term of five years on the aggravated robbery, ordered to be served consecutive to the attendant one-year firearm specification, a term of six months each on the grand theft and drug possession counts, and a term of twenty-four months on the count of having a weapon while under disability. The trial court ordered the count of having a weapon while under disability to run consecutive to the aggravated robbery.

{¶9} It is from this order that Petty appeals, raising the following two assignments of error for our review:

### Assignment of Error One

The trial court committed prejudicial error and/or plain error in violation of the double jeopardy clause of the United States Constitution and Section 10, Article 1 of the Ohio Constitution when it failed to merge the sentences for crimes committed at the same time with the same animus

### Assignment of Error Two

[Petty] was denied his right to counsel at every stage of the proceedings in direct violation of the purposes of the Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article 1 of the Ohio Constitution

{¶10} In the first assignment of error, Petty argues that the trial court erred in failing to merge the charge of having a weapon while under disability with the aggravated robbery offense. He argues that these crimes were committed at the same time and with the same animus and therefore, the trial court's failure to merge these offenses amounts to a double jeopardy violation.

**{¶11}** We note that Petty did not raise any objection regarding merger of these offenses at sentencing. Therefore, pursuant to Crim.R. 52(B), we review this assignment of error for plain error only. "'Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Landrum*, 53 Ohio St.3d 107, 111, 559 N.E.2d 710 (1990), quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶12}** The Ohio Supreme Court has held that

[a]n accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; and, absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

*State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3.

**{¶13}** The Ohio General Assembly has codified the double jeopardy protections of the United States and Ohio Constitutions in R.C. 2941.25 as it relates to the imposition of multiple punishments for the same conduct that constitutes two or more offenses. *See State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.2d 892, _ 10_12.

**{¶14}** R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information

may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶15} In *Ruff*, the Supreme Court set forth the test for determining whether offenses merge for the purposes of sentencing under R.C. 2941.25.

[W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id*. at _ 31.

{¶16} This court has previously concluded that the offenses of having a weapon while under disability and aggravated robbery are not allied offenses where the offender acquired and possessed the firearm prior to committing the aggravated robbery with that weapon. *State v. Brown*, 8th Dist. Cuyahoga No. 102549, 2015-Ohio-4764, ¶ 12_13. In *Brown*, we reiterated our earlier holding in *State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723.

"[The] animus of having a weapon under disability is making a conscious choice to possess a weapon. [The defendant] necessarily acquired the guns sometime prior to committing the other crimes. The fact that he then used the weapons to commit the other crimes does not absolve [the defendant] of the criminal liability that arises solely from his decision to illegally possess the weapons."

*Id.* at ¶ 12, quoting *Cowan* at ¶ 39.

{¶17} Similarly, in the instant case, the indictment reflects that Petty was already in possession of the firearm prior to the commission of the aggravated robbery. Petty's use of the firearm during the commission of the robbery does not absolve him of criminal liability for his illegal possession of the firearm. Therefore, the trial court did not commit any error, plain or otherwise, in failing to merge these offenses for sentencing. Accordingly, the first assignment of error is overruled.

{¶18} In the second assignment of error, Petty asserts that he was denied the right to counsel of his choosing when the trial court denied his request for new counsel prior to trial.

{¶19} This court explained the right to counsel in *State v. Frazier*, 8th Dist. Cuyahoga No. 97178, 2012-Ohio-1198.

The right to counsel of one's choice is an essential element of the Sixth Amendment right to have the assistance of counsel for one's defense. *State v. Keenan*, 8th Dist. No. 89554, 2008-Ohio-807. This right is not absolute, however, and courts have "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). Therefore, decisions relating to the substitution of counsel are within the sound discretion of the trial court. *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).

> * * * [W]hen the timing of a request for new counsel is an issue, a trial court may make a determination as to whether the appellant's request for new counsel was made in bad faith. *State v. Graves*, 9th Dist. No. 98CA007029, 1999 Ohio App. LEXIS 5992, 1999 WL 1215161 (Dec. 15, 1999). A motion for new counsel made on the day of trial "intimates such motion is made in bad faith for the purposes of delay." *State v. Haberek*, 47 Ohio App.3d 35, 41, 546 N.E.2d 1361 (8th Dist.1988).

*Id.* at ¶ 26-27.

**{¶20}** We have also held that "'[t]he defendant bears the burden of announcing the grounds for a motion for appointment of new counsel. If the defendant alleges facts which, if true, would require relief, the trial court must inquire into the defendant's complaint and make the inquiry part of the record.'" *State v. Hawkins*, 8th Dist. Cuyahoga No. 91930, 2009-Ohio-4368, ¶ 52, quoting *State v. Carter*, 128 Ohio App.3d 419, 715 N.E.2d 223 (4th Dist.1998). The Ohio Supreme Court has explained that "'the limited judicial duty [to inquire into a defendant's complaint about adequacy or effectiveness of counsel] arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further.'" *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, quoting *Carter* at 423. "'A trial court, without more, does not abuse its discretion in finding that a general allegation of unhappiness with appointed counsel is so vague that it does not require additional investigation.'" *State v. Griffin*, 10th Dist. Franklin No. 12AP-798, 2013-Ohio-5389, ¶ 13, quoting *State v. Washington*, 1st Dist. Hamilton No. C-000754, 2001 Ohio App. LEXIS 3604, at 14 (Aug. 17, 2001).

**{¶21}** Petty contends that the trial court failed to properly investigate his dissatisfaction with his retained counsel at the plea hearing. The record reflects that the trial court appeared to interrupt Petty after he made a request for new counsel:

[PETTY]: I would like a new attorney, your Honor.

THE COURT: Well, you don't get to pick and choose.

[PETTY]: I understand that. All due respect, I do feel —

**{¶22}** We note, however, that the trial court gave Petty other opportunities to speak at the plea hearing at which time Petty arguably could have put forth his reasoning behind his request for new counsel. At no time during the plea hearing did Petty put forth any reasoning behind this request. Accordingly, Petty did not meet his burden to "announc[e] the grounds for [his] motion for appointment of new counsel." *Hawkins* at _ 52.

**{¶23}** We recognize that a trial court, in considering a defendant's day-of-trial motion for new counsel, must balance "'the needs of fairness * * * against the demands of its calendar.'" *Fraizer,* 8th Dist. Cuyahoga No. 97178, 2012-Ohio-1198, at _ 26, quoting *Gonzalez-Lopez,* 548 U.S. at 152, 126 S.Ct. 2557, 165 L.Ed.2d 409. However, because the right to counsel of one's choice is an essential element of a defendant's Sixth Amendment right to have assistance of counsel for his or her defense, we are given pause by the fact that the trial court did not give Petty a specific opportunity to be heard on his request for new counsel. *See Keenan,* 8th Dist. Cuyahoga No. 89554, 2008-Ohio-807, at _ 20. As we noted in *Hawkins*, "the better practice would have been to conduct a

minimal inquiry regarding [Petty's] concerns. This would have permitted the trial court to quickly dispose of any nonmeritorious claims and would have resulted in a more complete record on appeal." *Hawkins,* 8th Dist. Cuyahoga No. 91930, 2009-Ohio-4368, at _ 61.

{¶24} The record after the plea hearing does contain Petty's reasoning for requesting new counsel. After the plea hearing and prior to sentencing, Petty filed a pro se motion to disqualify counsel. In this motion, Petty stated his general unhappiness with counsel.

> I wish to dismiss my counsel due to lack of representation. I feel that she's not representing me properly. It seem [sic] as if she's against me and I also want for her to be dismissed because she can't and will not do all the necessary things that needs to be done.

{¶25} We find that Petty's reasoning behind his second request for new counsel was not sufficiently specific to trigger the trial court's duty to investigate further.

{¶26} Ultimately, at sentencing, Petty appeared to disavow his prior concern about his counsel when he negatively answered the trial court's question as to whether he wished to proceed on his pro se motions to disqualify counsel and to withdraw his plea.

THE COURT: All right. Is it your desire to proceed on these motions?

[PETTY]: No, your Honor.

{¶27} Based on the foregoing, we find that the trial court was within its discretion to deny Petty's request for new counsel. Petty's motion was made on the day of trial and he did not present any specific allegations that triggered the trial court's duty to investigate further.

**{¶28}**   Accordingly, the second assignment of error is overruled.

**{¶29}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's convictions having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

TIM McCORMACK, J., and
ANITA LASTER MAYS, J., CONCUR