[Cite as *State v. Frazier*, 2012-Ohio-1198.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 97178

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HUBIE FRAZIER

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545396

**BEFORE:** Cooney, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** March 22, 2012

**ATTORNEY FOR APPELLANT**

Michael J. Manuszak
2905 Paxton Road
Shaker Heights, OH 44120


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Marc D. Bullard
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶1} Defendant-appellant, Hubie Frazier ("Frazier"), appeals his convictions for attempted murder, felonious assault, and having a weapon while under disability. Finding no merit to the appeal, we affirm.

{¶2} In December 2010, Frazier was indicted on one count of attempted murder with a firearm specification, two counts of kidnapping, two counts of felonious assault, and one count of having a weapon while under disability. In July 2011, Frazier waived his right to a jury trial. The court held a bench trial and found Frazier guilty of having a weapon while under disability, attempted murder, and both counts of felonious assault. The two counts of felonious assault were merged with attempted murder, and the State elected to have Frazier sentenced for attempted murder. The court sentenced Frazier to eight years in prison for the attempted murder conviction, with three years on the firearm specification to be served consecutive to the eight years. The court also sentenced him to four years for the weapon under disability conviction, to run consecutively to the other sentences, for an aggregate of 15 years in prison.

{¶3} Frazier now appeals, raising three assignments of error.

## Sufficiency of the Evidence

**{¶4}** In his first assignment of error, Frazier argues that the trial court erred in overruling his motion for acquittal because his conviction was not supported by sufficient evidence.

**{¶5}** Pursuant to Crim.R. 29(A), a court shall not order an entry of a judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus (1978); *see also State v. Apanovitch*, 33 Ohio St.3d 19, 23, 514 N.E.2d 394 (1987); *State v. Davis*, 49 Ohio App.3d 109, 113, 550 N.E.2d 966 (8th Dist.1988).

**{¶6}** In *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 113, the Ohio Supreme Court explained the standard for sufficiency of the evidence:

> Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. In reviewing such a challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus,

following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶7} In a sufficiency review, however, this court does not make determinations of credibility. Rather, the court decides, based on the evidence presented if believed, whether any rational trier of fact could have found the defendant guilty of the crimes charged.

{¶8} Frazier was convicted of attempted murder pursuant to R.C. 2923.02(B), felonious assault pursuant to R.C. 2903.11(A)(1) & (2), and having a weapon while under disability pursuant to R.C. 2923.13(A)(2). Frazier argues that the evidence presented is insufficient because the victim's identification was unreliable.

{¶9} When a witness has been confronted with a suspect before trial, a court is not required to suppress the identification of the suspect unless the confrontation was unnecessarily suggestive of the suspect's guilt and the identification was unreliable under all the circumstances. *In re Henderson*, 8th Dist. No. 79716, 2002-Ohio-483. This court has held that, even presuming a pretrial identification procedure is impermissibly suggestive, an in-court identification is permissible where the prosecution establishes by clear and convincing evidence that the witness had a reliable, independent basis for the identification based on prior independent observations made at the scene of the crime. *State v. Tate*, 8th Dist. No. 81577, 2003-Ohio-1835, citing *In re Henderson*. Moreover, no due process violation will be found where an identification does not stem from an

impermissibly suggestive confrontation but is instead the result of observations at the time of the crime. *Id.*

{¶10} In order to determine the reliability of the identification, a court must consider (1) the witness's opportunity to view the suspect at the time of the incident, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description, (4) the witness's certainty when identifying the suspect at the time of the confrontation, and (5) the length of time elapsed between the crime and the identification. *State v. Waddy*, 63 Ohio St.3d 424, 439, 588 N.E.2d 819 (1992), citing *Neil v. Biggers*, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

{¶11} The following facts were adduced at trial. The victim in the instant case, Anthony Colvin ("Colvin"), testified that he and Frazier had grown up in the same area of the "projects" and had known each other for years. Colvin testified that he and Frazier had a verbal and physical altercation at the Gotcha Inn months before the shooting. Colvin admitted punching Frazier in the face, knocking him out. In the months following the altercation, Colvin had seen Frazier at the Gotcha Inn and assumed that their relationship was amicable. However, Colvin testified that on the evening of December 11, 2010, while at the Gotcha Inn, Frazier shot him multiple times.

{¶12} Regarding Colvin's identification of Frazier, the record reflects that Colvin had time to observe Frazier during the shooting and knew him previously. Colvin testified that as he headed toward the restroom door, Frazier approached him. The two

men were facing each other when Frazier shot Colvin at close range. Colvin testified that he saw Frazier smile at him when he fired the shots. While Colvin was being driven to the hospital, he told the driver of the car, Sarena Clark ("Clark"), "[i]f I die, Hubo shot me," referring to Frazier.

{¶13} Approximately six weeks after the shooting, Colvin identified Frazier in two separate photo arrays presented to him while he was still in the hospital. Moreover, Colvin identified Frazier during trial. Thus, the State established by clear and convincing evidence that Colvin had a reliable independent basis for identifying Frazier.

{¶14} Having found Colvin's identification of Frazier to be reliable, in conjunction with the additional evidence and testimony presented at trial, Frazier's convictions are supported by sufficient evidence. Thus, the trial court did not err in denying Frazier's Rule 29 motion.

{¶15} Accordingly, the first assignment of error is overruled.

## Identification Testimony

{¶16} In his second assignment of error, Frazier argues that the trial court erred in overruling his objection to testimony presented at trial regarding Colvin's identification of Frazier.

{¶17} The admission or exclusion of evidence is a matter left to the trial court's sound discretion; therefore, it will not be disturbed absent an abuse of discretion. *State v. Lundy*, 41 Ohio App.3d 163, 169, 535 N.E.2d 664 (1st Dist.1987); *State v. Duncan*, 53 Ohio St.2d 215, 219, 373 N.E.2d 1234 (1978). An abuse of discretion is a decision that is unreasonable, arbitrary, or unconscionable, rather than a mere error in judgment. *Blakemore v. Blakemore*, 5 Ohio St.2d 217, 215 N.E.2d 384 (1983).

{¶18} At trial, Clark testified that while she was driving Colvin to the hospital, he told her "[i]f I die, Hubo shot me." Frazier's trial counsel objected to this testimony, but the court overruled the objection, citing the "dying declaration" hearsay exception in support of the ruling. Frazier now argues that the trial court erred in overruling his objection.

{¶19} We agree that Clark's testimony is inadmissible under the dying declaration exception, which states:

> The following are not excluded by the hearsay rule if the *declarant is unavailable as a witness*:
>
> * * *

In a *prosecution for homicide or in a civil action* or proceeding, a statement made by a declarant, while believing that his or her death was imminent, concerning the cause or circumstances of what the declarant believed to be his or her impending death. (Emphasis added.) Evid.R. 804(B)(2)

{¶20} In the instant case, the State was not prosecuting a homicide, nor was Colvin unavailable as a witness. In fact, prior to Clark's testimony, Colvin himself testified that he made that statement to Clark. Thus, although Clark's testimony was inadmissible under the dying declaration exception, it falls within the "excited utterance" exception, for which the availability of the declarant is immaterial.

{¶21} Evid.R. 803(2) defines an "excited utterance" as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Four prerequisites must be satisfied in order for an excited utterance to be admissible: (1) an event startling enough to produce a nervous excitement in the declarant, (2) the statement must have been made while still under the stress of excitement caused by the event, (3) the statement must relate to the startling event, and (4) the declarant must have personally observed the startling event. *See State v. Brown*, 112 Ohio App.3d 583, 601, 679 N.E.2d 361 (1996).

{¶22} It is apparent from the record in this case that the State laid a proper foundation for the admission of Colvin's statement as an excited utterance. Having been shot, Colvin was clearly startled enough to produce nervous excitement. The

evidence reflects that he was still under the excitement of the startling event, having been rushed from the restroom to the car, when he made the statement. His statement related directly to the startling event that he personally witnessed. Thus, we find the statement had the requisite guarantees of trustworthiness and was an excited utterance.

{¶23} In turn, any error associated with the court's admission of the evidence under an incorrect hearsay exception is harmless where the evidence is admissible under a different hearsay exception and Frazier had the opportunity to fully cross-examine the declarant. Therefore, the trial court did not abuse its discretion in admitting this testimony.

{¶24} Accordingly, the second assignment of error is overruled.

Motion to Dismiss

{¶25} In his third assignment of error, Frazier argues that the trial court erred in denying his pro se motion to dismiss for lack of a speedy trial. Frazier also argues that the trial court erred in not holding a hearing to address his pro se motion for new counsel.

{¶26} The right to counsel of one's choice is an essential element of the Sixth Amendment right to have the assistance of counsel for one's defense. *State v. Keenan*, 8th Dist. No. 89554, 2008-Ohio-807. The right is not absolute, however, and courts have "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). Therefore, decisions relating to

the substitution of counsel are within the sound discretion of the trial court. *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).

{¶27} In order to justify the discharge of court-appointed counsel, a defendant must show "good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result." *State v. Pruitt*, 18 Ohio App.3d 50, 480 N.E.2d 499 (8th Dist.1984). Further, when the timing of a request for new counsel is an issue, a trial court may make a determination as to whether the appellant's request for new counsel was made in bad faith. *State v. Graves*, 9th Dist. No. 98CA007029, 1999 WL 1215161 (Dec. 15, 1999). A motion for new counsel made on the day of trial "intimates such motion is made in bad faith for the purposes of delay." *State v. Haberek*, 47 Ohio App.3d 35, 41, 546 N.E.2d 1361 (8th Dist.1988).

{¶28} In this matter, we find no abuse of discretion in connection with the trial court's denial of Frazier's pro se motion for new counsel. The Sixth Amendment does not guarantee "rapport" or a "meaningful relationship" between client and counsel. *State v. Hennes*, 79 Ohio St.3d 53, 65, 1997-Ohio-405, 679 N.E.2d 686, citing *Morris v. Slappy*, 461 U.S. 1, 13-14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). Frazier made unsupported claims that counsel had refused to communicate with him. In addition, Frazier raised these issues in the middle of trial. Nothing in the record suggests that

there was such a breakdown of communication between attorney and client as to constitute the denial of counsel.

**{¶29}** Frazier also complains that the court erred by failing to rule on his pro se motion to dismiss on speedy trial grounds, asserting that there is no indication in the record that the trial court addressed his motion. When a court fails to rule on a motion, we presume that the motion was denied. *Univ. Mednet v. Blue Cross & Blue Shield of Ohio*, 126 Ohio App.3d 219, 236, 710 N.E.2d 279 (8th Dist.1997); *see also State v. Huber*, 8th Dist. No. 93923, 2011-Ohio-62. Moreover, there is no requirement that a court hold a hearing on a motion to dismiss for want of a speedy trial when the court is able to determine the issue from the record. *See State v. Freeman*, 8th Dist. No. 85137, 2005-Ohio-3480, at ¶ 62, reversed on other grounds, *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174. Frazier makes no substantive argument on the merits of his motion to dismiss. The State has rebutted Frazier's claim with a calculation demonstrating there is no merit to the alleged speedy trial violation. Thus, we need not address the merits of Frazier's motion to dismiss.

**{¶30}** Accordingly, the third assignment of error is overruled.

**{¶31}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.    The defendant's conviction having been affirmed, any bail pending appeal is terminated.    Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR