[Cite as *State v. McCain*, 2016-Ohio-4992.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 15AP0055 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALEA MCCAIN | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2015 CRC-I 000080 |

DECISION AND JOURNAL ENTRY

Dated: July 18, 2016

SCHAFER, Judge.

{¶1}   Defendant-Appellant, Alea M. McCain, appeals from the Wayne County Court of Common Pleas' denial of her motion to dismiss an indictment. We affirm.

I.

{¶2}   While McCain was serving a 30-month prison sentence on unrelated charges in Holmes County, on October 9, 2013, the Wayne County Grand Jury secretly indicted her on several charges stemming from a controlled drug purchase in early May of 2013. Specifically, the Wayne County Grand Jury indicted McCain on the following five counts: aggravated trafficking of a Schedule II drug in the vicinity of a child in violation of R.C. 2925.03(A)(1), trafficking in marijuana in the vicinity of a child in violation of R.C. 2925.03(A)(1), and three counts of endangering children in violation of R.C. 2919.22(A). An arrest warrant was issued and ordered to be served at an address in Wooster, Ohio. However, the indictment was not

served until March 23, 2015, as the State was unaware that McCain was incarcerated on charges from another county and thus was unable to locate her.

{¶3} On October 16, 2014, after serving 13 months of her 30-month sentence, McCain was granted judicial release. McCain's judicial release was ultimately transferred from Holmes County to Wayne County. However, the probation departments in both counties never discovered the outstanding arrest warrant pertaining to McCain's pending charges in Wayne County. Additionally, McCain claims that her "information was run several times while she was incarcerated," but no arrest warrants were ever detected. McCain claims that she first learned about the Wayne County indictment when she was arrested at work on March 25, 2015. McCain was arraigned that same day and pled not guilty to all counts contained in the indictment. McCain was then released on her own recognizance.

{¶4} On June 18, 2015, McCain filed a motion to dismiss the indictment asserting that her statutory and constitutional rights to a speedy trial had been violated. The State filed a motion opposing McCain's motion to dismiss. The trial court ultimately denied McCain's motion to dismiss without holding a hearing.

{¶5} On September 9, 2015, the trial court conducted a change of plea hearing. At this hearing, McCain withdrew her not guilty pleas and pled no contest to aggravated trafficking, trafficking in marijuana, and one count of endangering children. The trial court found McCain guilty of those offenses. The trial court also granted the State's motion to dismiss the two remaining child endangerment counts from the indictment. The trial court subsequently sentenced McCain to 24 months of community control.

{¶6} McCain filed this timely appeal and raises two assignments of error for our review.

II.

## Assignment of Error I

**Alea McCain's statutory and/or constitutional rights to a speedy trial were violated, and the trial court erred in overruling her motion to dismiss.**

{¶7}   In her first assignment of error, McCain argues that the trial court erred by denying her motion to dismiss the indictment for post-indictment delay since her statutory and constitutional rights to a speedy trial were violated.  We disagree.

### A.  Standard of Review

{¶8}   Speedy trial issues present a mixed question of fact and law.  *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773, ¶ 18 (11th Dist.)  "In reviewing a trial court's determination of whether a defendant's right to a speedy trial was violated, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact."  *State v. Gilbert*, 9th Dist. Lorain No. 14CA010600, 2016-Ohio-3209, ¶ 9, quoting *State v. Auterbridge*, 9th Dist. Lorain No. 97CA006702, 1998 WL 103348, *1 (Feb. 25, 1998), citing *United States v. Smith*, 94 F.3d 204, 208 (6th Cir.1996) and *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir.1996).

### B.  Constitutional Analysis

{¶9}   The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy * * * trial * * *."  *Accord* Article 1, Section 10 of the Ohio Constitution.  An individual's fundamental right to a speedy trial is applicable to the states through the Fourteenth Amendment.  *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967).  A criminal defendant's right to a speedy trial "is not limited in scope to the period following formal arrest but extends to any delay between indictment and arrest."  *State v. Ismail*, 9th Dist. Medina No. 2998-M, 2001 WL 7385, *1 (Jan. 3, 2001), citing *Doggett*

*v. United States*, 505 U.S. 647, 648 (1992). The issue of whether an accused's constitutional right to a speedy trial has been violated is analyzed under a reasonableness standard. *See State v. Hull*, 110 Ohio St.3d 183, 2006–Ohio–4252, ¶ 14, citing *State v. Fanning*, 1 Ohio St.3d 19, 21 (1982).

{¶10} When considering whether the time between an indictment's issuance and an arrest violates an accused's right to a speedy trial, appellate courts employ a two-pronged analysis. *See Ismail* at *1-*2, citing *Doggett* at 651-658; *see also State v. Auterbridge*, 9th Dist. Lorain No. 97CA006702, 1998 WL 103348, *2 (Feb. 25, 1998). Under the first prong of this analysis, courts "must determine whether the accused has alleged that the interval between accusation and trial 'crossed the threshold dividing ordinary from "presumptively prejudicial" delay[.]'" *Ismail* at *1, quoting *Doggett* at 651-652, quoting *Barker v. Wingo*, 407 U.S. 514, 530, 531 (1972). "The United States Supreme Court has noted, without approval or disapproval, that some states have construed a one-year delay as meeting the first prong of the analysis." *Id*., citing *Doggett* at 652, fn. 1. In the past, this Court has "assume[d] without deciding," that a "delay of just under one year" between an indictment's issuance and the indictment being served satisfied the first prong of the *Doggett* analysis. *Auterbridge* at *2.

{¶11} Here, the grand jury indicted McCain on October 9, 2013, and McCain was not served with the indictment until March 25, 2015, resulting in a gap of over 17 months. Indeed, the State concedes in its appellate brief that this time gap is "presumptively prejudicial" under the applicable case law. We accept the State's concession on this point as periods of delay exceeding one year "generally require further investigation" under the second prong of the *Doggett* analysis. *State v. Rice*, 1st Dist. Hamilton No. C-150191, 2015-Ohio-5481, ¶ 24. As such, we now turn to the second prong.

{¶12} Once the accused makes a showing of presumptive prejudice, courts must then consider the second prong of the speedy trial analysis, which is a "balancing test in which the conduct of both the prosecution and the defendant are weighed." *Barker* at 530. In *Barker*, the United States Supreme Court identified the following factors to assess alleged speedy-trial violations: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *Id.* "[T]hese four factors are balanced considering the totality of the circumstances, with no one factor controlling." *State v. Perkins*, 2d Dist. Clark No. 08–CA–0081, 2009–Ohio–3033, ¶ 8.

{¶13} The first *Barker* factor, the length of the delay, is a "triggering mechanism." *Barker* at 350. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors * * *." *Id.* The Supreme Court has clarified that "in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Doggett*, 505 U.S. at 652, fn. 1. "Courts have generally found post accusation delay 'presumptively prejudicial' at least as it approaches one year." *Id.*; *State v. Miller*, 10th Dist. Franklin No. 04AP–285, 2005–Ohio–518, ¶ 12.

{¶14} Here, there was an 18-month delay in McCain being served and arrested following the issuance of the indictment. While this delay was long enough to be deemed "presumptively prejudicial," *see Auterbridge* at *2, such a delay did not infringe upon McCain's liberty. *See State v. Triplett*, 78 Ohio St.3d 566, 569 (1997) (holding that while a 54-month delay was significant, it did not infringe upon the defendant's liberty where defendant "was completely ignorant of the charges against her."). The record reflects that McCain had no idea that she had been indicted in Wayne County prior to her arrest in 2015. "The interests which the

Sixth Amendment was designed to protect - freedom from extended pretrial incarceration and from the disruption caused by unresolved charges" - are not issues in this case. *Id*. Therefore, while the first factor does technically weigh in McCain's favor, its weight is negligible. *See id*.

{¶15} The second *Barker* factor relates to the reason that the government assigns for the delay. *See Barker*, 407 U.S. at 531. The inquiry into causation involves a sliding scale. Deliberately dilatory tactics must be weighed much more heavily against the state than periods of delay resulting from mere negligence. *Id*. "A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id*. To the extent that valid reasons cause the delay, such as missing witnesses, the delay does not count against the state at all. *Id*. Delay that is caused by the defendant does not count against the state. *See Triplett* at 570.

{¶16} Here, the State's brief in opposition to McCain's motion to dismiss did not specify why it took nearly 18 months to serve McCain with the indictment. On appeal, the State contends that it was unaware that McCain was incarcerated and that it would have served McCain with the indictment in prison had it known of her incarceration. Thus, it appears that the State has no valid reason justifying the 18-month delay. However, McCain's motion to dismiss admits that the State did not deliberately delay prosecution. Thus, we determine that the second *Barker* factor weighs ever so slightly in favor of McCain. *See Barker* at 531 (holding that a "neutral reason" for delaying prosecution "should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.").

**{¶17}** The third *Barker* factor addresses the timeliness and frequency of the defendant's assertions of his speedy trial right. *See id*. at 529 (instructing courts "to weigh the frequency and force of objections as opposed to attaching significant weight to a purely pro forma objection"). Here, McCain first learned of the charges pending against her when she was arrested on March 23, 2015. Yet, McCain failed to assert her right to a speedy trial until June 18, 2015, when she filed her motion to dismiss the indictment. While generally, "when the defendant has filed a motion to dismiss based on speedy trial violations, Ohio courts [have] weight[ed] the third *Barker* factor in the defendant's favor," *State v. Watson*, 10th Dist. Franklin No. 13AP–148, 2013–Ohio-5603, ¶ 29, there is a nearly three-month gap in time for which McCain bears some responsibility. *See State v. Walker*, 10th Dist. Franklin No. 06AP–810, 2007–Ohio–4666, ¶ 31. Thus, we conclude that the third factor weighs slightly in the State's favor.

**{¶18}** The final *Barker* factor implicates the extent to which the defendant was prejudiced by the delay attributable to the State. *Barker*, 407 U.S. at 532. In assessing prejudice, the Supreme Court has held that the inquiring court should assess prejudice "in light of the interests the speedy trial right was designed to protect," including preventing oppressive pretrial incarceration, minimizing the accused's anxiety, and limiting the possibility that the passage of time will impair the accused's ability to mount a defense. *Id*. The latter concern is "the most serious" one because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Walker* at ¶ 21, quoting *Barker* at 532. When witnesses "die or disappear during a delay, the prejudice is obvious." *Id*.

**{¶19}** Here, we determine that any prejudice endured by McCain as a result of the delay in this matter was di minimis. The record reflects that McCain was completely unaware of the October 2013 indictment prior to being served and arrested on March 23, 2015. As such,

McCain cannot argue that this 18-month delay caused her any anxiety, as she was completely ignorant of the charges pending against her. Additionally, McCain does not argue that the delay in this case impaired her defense. Rather, McCain contends that she was prejudiced by the delay because "had this matter been brought to trial sooner, and [she] were to have entered a plea or been found guilty of the charges, it is possible her sentences would have run currently [with her sentence from the Holmes County cases]." However, "the theoretical and speculative loss of the opportunity for [a] defendant to serve the sentence on the pending charge concurrently with the sentence in another case" is insufficient to constitute substantial prejudice to the defendant. *See State v. Rice*, 1st Dist. Hamilton No. C-150191, 2015-Ohio-5481, ¶ 32 (collecting cases).

{¶20} Based on the foregoing *Barker* analysis, we determine that McCain's constitutional right to a speedy trial was not violated. As such, we conclude that the trial court did not err by denying McCain's motion to dismiss on constitutional grounds.

### C. Statutory Analysis

{¶21} A criminal defendant's right to a speedy trial has also been codified in Ohio law. *See State v. Broughton*, 62 Ohio St.3d 253, 256 (1991) ("Ohio's speedy trial statute was implemented to incorporate the constitutional protection of the right to a speedy trial[.]"). R.C. 2941.401 creates statutory speedy trial rights for persons incarcerated in state prison who face pending charges during the term of their incarceration. McCain contends that the trial court erred by denying her motion to dismiss because her speedy trial rights under R.C. 2941.401 were violated. We disagree.

{¶22} R.C. 2941.401, which sets forth the procedures required to invoke speedy trial rights, states in pertinent part:

> *When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of*

9

*imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within [180] days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * * .* The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.

* * *

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

(Emphasis added.)

**{¶23}** Here, the record reflects that the Wayne County Grand Jury indicted McCain on October 9, 2013, while McCain was incarcerated for crimes committed in Holmes County. McCain was subsequently granted judicial release on October 16, 2014. However, the State was unable to locate and serve McCain with the indictment until March 23, 2015. It is undisputed that McCain was not aware of the October 2013 indictment until the time of her arrest. It is further undisputed that the State was unaware of McCain's whereabouts prior to March 2015. Lastly, it is undisputed that the warden or superintendent of the prison where McCain was held

never had any knowledge of the untried indictment and failed to provide appropriate notification to McCain.

{¶24} In arguing that her rights under R.C. 2941.401 were violated, McCain claims that the State was negligent in failing to timely notify her of the indictment and, as such, the 18-month gap between the indictment's issuance and the indictment being served violated her speedy trial rights. However, the Supreme Court of Ohio has held, pursuant to R.C. 2941.401, that an initial duty is placed on the defendant to notify the prosecutor and the court of his or her place of incarceration and to request final disposition of outstanding charges. *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 20. The *Hairston* court explicitly rejected the notion that the State is required to exercise reasonable diligence in locating an incarcerated defendant against whom charges are pending. *Id*. Here, it is undisputed that McCain did not file with the trial court or the prosecuting attorney a request for final disposition of the charges pending against her in this case. Therefore, the 180-day jurisdictional limit set forth in R.C. 2941.401 was never triggered. *See State v. Hubbard*, 12th Dist. Butler No. CA2014-03-063, 2015-Ohio-646, ¶ 38 (concluding that the 180-day jurisdictional limitation set forth in R.C. 2941.401 was not triggered where the defendant failed to inform the trial court or the prosecutor of his incarceration).

{¶25} McCain argues that the initial duty under *Hairston* to inform the trial court or prosecutor of her incarceration does not apply to her because she, herself, was unaware of the charges pending against her in Wayne County despite periodically and diligently searching to see if new charges were ever filed against her. However, the Supreme Court of Ohio has continuously held that the dictates of R.C. 2941.401 are clear and unambiguous. *See Hairston* at ¶ 24 ("[R.C. 2941.401] unambiguously impose[s] the initial duty upon the defendant to trigger

action on the part of the state."); *see also State v. Dillon*, 114 Ohio St.3d 154, 2007-Ohio-3617, ¶ 18 (again concluding that the language of R.C. 2941.401 is unambiguous). As such, we decline McCain's invitation to carve out an equitable exception to an otherwise unambiguous statute. Regardless of her reason for not doing so, because McCain failed to comply with the statutory requirements, the 180-day time period for bringing a criminal defendant to trial under R.C. 2941.401 was not triggered.

{¶26} Accordingly, for the aforementioned reasons, we determine that the trial court did not err by overruling McCain's motion to dismiss.

{¶27} McCain's first assignment of error is overruled.

### Assignment of Error II

**It was error or plain error to deny Alea McCain's motion to dismiss because R.C. 2941.401 is unconstitutional as applied to her under the particular facts of this case, which include the denial of a hearing on her motion to dismiss.**

{¶28} In her second assignment of error, McCain argues that R.C. 2941.401 is unconstitutional as the statute is applied to her. While McCain did not raise this issue below, she maintains that the error rises to the level of plain error. We disagree.

{¶29} "The failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it." *State v. Quarterman,* 140 Ohio St.3d 464, 2014–Ohio–4034, ¶ 2. "[W]e require a showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." *Id.* at ¶ 16. "In addition, * * * a forfeited constitutional challenge to a statute is subject to review where the rights and interests involved may warrant it." (Internal quotations and citations omitted.) *Id.*

**{¶30}** On appeal, McCain appears to argue that the application of R.C. 2941.401 in the present case violates both equal protection and due process. However, with respect to her equal protection claim, McCain has failed to explain how the statute as applied to her is unconstitutional. Moreover, McCain has failed to support her equal protection argument with citation to legal authority. *See* App.R. 16(A)(7).

**{¶31}** With respect to her due process claim, while McCain does maintain that due process required the trial court at the very least to conduct a hearing on her motion to dismiss, we determine such an argument is without merit. A number of courts have held that a trial court need not conduct an evidentiary hearing on a speedy trial motion where the court is able to determine the issue from the record. *See State v. Rucker*, 5th Dist. Richland No. 12CA39, 2013-Ohio-2493, ¶ 22 (noting that no statute, case law, or criminal rule requires a trial court to hold a hearing on a motion to dismiss for want of a speedy trial), citing *State v. Freeman*, 8th Dist. Cuyahoga No. 85137, 2005-Ohio-3480, ¶ 62, citing *Whitehall v. Rovnak*, 10th Dist. Franklin No. 92AP-919, 1992 WL 385944, *2-*3 (Dec. 24, 1992).

**{¶32}** Based on the foregoing, we determine that McCain has failed to meet her burden in demonstrating that the trial court made an obvious error by failing to sua sponte conclude that R.C. 2941.401 was unconstitutional and grant her motion to dismiss.

**{¶33}** Accordingly, McCain's second assignment of error is overruled.

### III.

**{¶34}** With both of McCain's assignments of error having been overruled, the judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

WHITMORE, J.
CONCURS.

MOORE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶35} I concur in the majority's judgment. With respect to Ms. McCain's argument concerning her statutory speedy trial rights and with respect to her second assignment of error, I would overrule those arguments based upon this Court's precedent in *State v. Detamore,* 9th Dist. Wayne No. 15AP0026, 2016-Ohio-4682.

APPEARANCES:

CLARKE W. OWENS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.