[Cite as *State v. A.W.*, 2023-Ohio-3196.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | | C.A. No. 22AP0013 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| A.W. | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellee | | CASE No. 2020 CRC-I 000265 |

DECISION AND JOURNAL ENTRY

Dated: September 11, 2023

SUTTON, Presiding Judge.

**{¶1}** The State of Ohio appeals the judgment of the Wayne County Court of Common Pleas dismissing the case against Defendant-Appellee, A.W., based upon a violation of her constitutional right to a speedy trial. This Court affirms.

I.

**{¶2}** On April 27, 2020, an indictment was filed charging A.W. with tampering with records, Medicaid eligibility fraud, and the illegal use of supplemental nutrition assistance program benefits or WIC program benefits. On April 28, 2020, the trial court set a personal recognizance bond. A warrant was issued for A.W.'s arrest.

**{¶3}** A.W. was arrested on May 17, 2021, and was subsequently released on bond. On May 19, 2021, A.W. waived arraignment and entered a plea of not guilty. On May 20, 2021, A.W. filed a motion to dismiss alleging her constitutional rights to a speedy trial under the Ohio and United States Constitution were violated. In so doing, A.W. relied upon the factors in *Barker v.*

*Wingo*, 407 U.S. 514 (1972). A.W. asserted the delay in serving her with the indictment was presumptively prejudicial as it exceeded a year. She maintained there was no plausible justification for the delay as A.W. lived and worked in Wayne County the entire time. A.W. also indicated she did not delay in asserting her speedy trial rights. As to prejudice, A.W. claimed her work as a medical assistant would be jeopardized by a conviction and the delay would impact witnesses' memories. The State responded in opposition and disputed how the *Barker* factors should be weighed. The State maintained the factors supported denying A.W.'s motion. A.W. filed a reply brief wherein she asserted she was aware of the investigation as early as July 2019, thereby contributing to her anxiety. A short hearing was held on the matter. At the hearing, *inter alia*, A.W. discussed the stress of having knowledge of the investigation caused her and indicated she had to resume taking anxiety medication.

{¶4} On January 24, 2022, the trial court issued a judgment entry finding in favor of A.W. and dismissing the case. The State has appealed, raising a single assignment of error for our review.

I.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT'S JOURNAL ENTRY LACKED SPECIFIC FINDINGS PERTAINING TO THE SPEEDY TRIAL FACTORS ENUMERATED IN *BARKER V. WINGO*[], 407 U.S. 514 [(1972)] REQUIRING REMAND.

{¶5} In its sole assignment of error, the State argues the trial court's failure to discuss the *Barker* factors in its judgment entry warrants reversal. The State has not asked this Court to address the merits of the trial court's decision.

{¶6} "Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible

evidence, but we review the application of the law to those facts de novo." *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, ¶ 15.

{¶7} "The Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial." *State v. Ismail*, 9th Dist. Medina No. 2998-M, 2001 WL 7385, *1 (Jan. 3, 2001). "A criminal defendant's right to a speedy trial is not limited in scope to the period following formal arrest but extends to any delay between indictment and arrest." (Internal quotations and citations omitted.) *State v. McCain*, 9th Dist. Wayne No. 15AP0055, 2016-Ohio-4992, ¶ 9.

{¶8} "When considering whether the time between an indictment's issuance and an arrest violates an accused's right to a speedy trial, appellate courts employ a two-pronged analysis." *McCain* at ¶ 10. "Under the first prong of this analysis, courts must determine whether the accused has alleged that the interval between accusation and trial crossed the threshold dividing ordinary from presumptively prejudicial delay[.]" (Internal quotations and citations omitted.) *Id.* "Generally, a delay that approaches one year is presumptively prejudicial." *Long* at ¶ 14.

{¶9} "Once the accused makes a showing of presumptive prejudice, courts must then consider the second prong of the speedy trial analysis, which is a 'balancing test in which the conduct of both the prosecution and the defendant are weighed.'" *McCain* at ¶ 12, quoting *Barker*, 407 U.S. at 530. Four factors are to be considered: "Length of delay, the reason for the delay, the defendant's assertion of his [or her] right, and prejudice to the defendant." *Barker* at 530.

{¶10} "[N]one of the four factors identified above a[re] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these

factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Barker* at 533.

{¶11} On appeal, the State only asserts the trial court erred in failing to discuss its findings related to the *Barker* factors. The trial court's judgment entry states, in relevant part:

> This is a ruling on defendant [A.W.'s] motion to dismiss. The [c]ourt apologizes for the delay. The case was somehow lost in the shuffle. [A.W.] was indicted on April 27, 2020 and charged with three offenses alleged to have occurred in February-March 2018 to 2019.
>
> [A.W.] was not served with the indictment until May 27, 2021[,] when she turned herself in. Law enforcement made no attempt to serve the indictment for over a year. [A.W.'s] address was no secret and she could have been served at any time during 2020 with minimal effort.
>
> The Court agrees with [A.W.] that the requirements of *Barker* have been met.
>
> The motion to dismiss is granted and the case dismissed.

(Emphasis added.)

{¶12} Here, the trial court's judgment entry stated A.W. was indicted on April 27, 2020, but was not served with the indictment until May 27, 2021, a delay of over one year. In accordance with *Long*, *supra*, this delay is presumptively prejudicial to A.W. Moreover, this discussion specifically addresses the first *Barker* factor, length of delay. The trial court also indicated the State made no attempt to serve A.W. for over a year even though her address was "no secret" and she "could have been served at any time during 2020 with minimal effort." This discussion specifically addresses the second *Barker* factor, reason for delay, which, here, there was none. Further, the trial court indicated it "agree[d] with [A.W.] that the requirements of *Barker* have been met." As indicated above, in her motion to dismiss, A.W. discussed the four *Barker* factors, including her assertion of her right to a speedy trial, the third *Barker* factor, and the resulting prejudice due to the State's delay, the fourth *Barker* factor. Further, at the motion hearing, A.W. testified regarding the prejudicial effect the State's delay had upon her life.

{¶13} A review of the record here clearly reveals, through the trial court's judgment entry, A.W.'s motion to dismiss, and the motion hearing, that the trial court properly considered all of the *Barker* factors in its decision to dismiss the indictment. *Compare State v. Perkins*, 2d Dist. Clark No. 08-CA-0081, 2009-Ohio-3033, ¶ 9 ("In this case the trial court does not cite *Barker* or any of its factors. * * * Nevertheless, the court appears to have engaged in at least a partial constitutional analysis. The court stated, '[t]his matter presents this Court with the interesting task of balancing the responsibilities of the criminal defendant to timely appear before the Court, and the State to exercise due diligence to prosecute its criminal cases.' It appears from the record that the trial court *considered* only the first two *Barker* factors." Emphasis added.)

{¶14} Accordingly, the State's sole assignment of error is overruled.

III.

{¶15} The State's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
DISSENTING.

{¶16} I respectfully dissent from the judgment of the majority as I would conclude that the trial court's failure to adequately discuss the factors in *Barker v. Wingo*, 407 U.S. 514 (1972) warrants reversal.

{¶17} While the trial court mentioned *Barker* and stated that it agreed with A.W., it provided no discussion as to how it viewed and weighed the factors. Nor did it indicate whether it found A.W., who testified at the hearing, credible.

{¶18} "[N]one of the four factors * ** a[re] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533. Accordingly, "courts must still engage in a difficult and sensitive balancing process." *Id.*

{¶19} When the trial court fails to elucidate its process, it becomes difficult for this Court to review the matter, particularly in circumstances such as this involving mixed questions of law and fact. *See State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, ¶ 15. "This Court has

consistently held that it is the trial court's duty to resolve issues in the first instance. Additionally, we have recognized that [if] a trial court's judgment is not sufficiently detailed, a reviewing court may be left in the unfortunate position of being unable to provide meaningful review." (Internal quotations and citations omitted.) *Jones v. Carrols, LLC*, 9th Dist. Summit No. 28406, 2017-Ohio-7150, ¶ 6; *see also State v. Perez*, 9th Dist. Lorain No. 19CA011461, 2020-Ohio-530, ¶ 6-7 (requiring the trial court to make findings of fact in support of an order ruling on a motion to suppress, which involves a similar standard of review).

{¶20} This view is also supported by the law of other districts. For example, the Second District has concluded a trial court errs when it rules on a motion to dismiss without addressing or considering all four *Barker* factors. *State v. Perkins*, 2d Dist. Clark No. 08-CA-0081, 2009-Ohio-3033, ¶ 15-16. The First District has also noted the importance of the trial court discussing the factors in its judgment entry. *State v. Wilson*, 1st Dist. Hamilton No. C-210587, 2022-Ohio-2076, ¶ 13; *see also State v. Packard*, 52 Ohio App.3d 99 (1988), paragraph four of the syllabus ("In the absence of specific findings pertaining to the weight given to factors of length of delay, reason for delay and the resulting prejudice in a trial court's decision to dismiss an indictment for violation of an accused's constitutional right to a speedy trial, the court of appeals should not determine an appeal from such a decision; remand is required."); *State v. Alcorn*, 12th Dist. Brown No. CA2009-04-016, 2010-Ohio-731, ¶ 16-21.

APPEARANCES:

ANGELA WYPASEK, Prosecuting Attorney, and DAVID J. FOLK, Assistant Prosecuting Attorney, for Appellant.

PATRICK L. BROWN, Attorney at Law, for Appellee.