[Cite as *State v. Field*, 2025-Ohio-1543.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellee,            :

                                No. 114100

    v.                                        :

JASPER FIELD, JR.,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 1, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-684635-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney and Krystal Hyojong Lee, Assistant Prosecuting
Attorney, *for appellee.*

Robert A. Dixon, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Jasper Field, Jr. ("Field"), appeals his
convictions for two counts of gross sexual imposition arguing that his speedy-trial
rights were violated and the trial court erred when it did not hold an evidentiary

hearing on the issue. After careful review, we find that Field's speedy-trial rights were not violated because the record is replete with multiple, often overlapping, tolling events. Furthermore, the trial court is not required to hold an evidentiary hearing when the court is able to determine the speedy-trial issue from the record before it. Accordingly, we affirm Field's convictions.

## I. Facts and Procedural History

{¶ 2} On September 3, 2023, Field, who was 73 years old at the time, was arrested for alleged sex offenses involving his 45-year-old daughter, who is legally blind and developmentally disabled. He was held in the Cuyahoga County Jail. On September 19, 2023, Field was indicted in a six-count indictment and charged with one count of rape, two counts of gross-sexual imposition, one count of sexual battery, and one count of kidnapping. He was arraigned on these charges on September 22, 2023, and assigned an attorney, and bond was set at $100,000.00. Field did not post bond.

{¶ 3} Field, through his attorney, filed a motion for discovery on September 26, 2023. The State responded to the motion for discovery and filed a reciprocal demand for discovery on September 29, 2023. The first pretrial was held on October 5, 2023, and the case was continued for ongoing discovery to November 7, 2023. A second pretrial was held on November 7, 2023, and the case was continued for ongoing discovery to November 28, 2023. A third pretrial was held on November 28, 2023, and was continued at Field's request for ongoing discovery to December 19, 2023. A fourth pretrial was held on December 19, 2023,

and was continued for ongoing discovery to January 11, 2024. A fifth pretrial was held on January 11, 2024, and was continued at the request of Field for potential resolution of the case and an in-person hearing on February 28, 2024. In addition, a trial date of March 18, 2024, was set at Field's request. The final pretrial was held on the record on February 28, 2024; the plea offer was placed on the record and declined by Field. The trial remained set for March 18, 2024.

{¶ 4} Thereafter, Field filed a "motion to voir dire competency of complaining witness" on March 6, 2024, a motion in limine on March 11, 2024, and his response to the State's request for discovery on March 11, 2024. On March 14, 2024, the trial court granted the State's oral request for a continuance of the trial date and reset the trial date to April 24, 2024. Field filed a pro se motion for production of transcripts on April 3, 2024, and on April 11, 2024, Field sent to the State a pro se motion to remove his counsel and assign new counsel because of irreconcilable differences.

{¶ 5} On April 24, 2024, the second trial date, the court held a hearing regarding Field's pro se motion to remove counsel. After a lengthy discussion with the court, Field decided to keep his present counsel. Nevertheless, the State requested a continuance of the trial date because the lead prosecutor was engaged in another trial and the lead detective in the case "was involved in a serious car accident." (Tr. 23.) The trial court granted the State's request for continuance, noting that the previous continuous requested by the State was because of a family emergency. The trial was reset to May 20, 2024. Then on May 20, 2024, the trial

court continued the trial date to May 28, 2024, because the prosecutor was ill, cautioning the State that no further continuances would be granted.

{¶ 6} On May 28, 2024, prior to trial, the court addressed Field's outstanding motions. The court granted his motion in limine but denied his motion to voir dire the victim. Field then inquired as to his speedy-trial rights, informing the court that he had been in jail 270 days. The trial court addressed Field's concerns and went through the docket on the record.

> THE COURT: We're going to get to your speedy trial we talked about before. I pulled the docket, and here's what I know. You were arrested on September 3rd, 2023. The time ran from September 3rd, 2023, till 9/26/23, when your attorneys filed your discovery. That tolls the time. The time between 9/3/2023 and 9/26/2023 was 24 days.
>
> Then there was a trial — all of the continuances after that were for purposes of discovery, which is a reason that time can be tolled. "Tolling" means stopping the time. Time doesn't run consecutive when you're in jail. If there's reasons to stop the time from running, the law says that that's appropriate and that's called tolling, T-O-L-L-I-N-G.
>
> THE DEFENDANT: Mm-hmm.
>
> THE COURT: In your case, the time tolled — it stopped — from 9/26, 9/27 to 3/18. There was discovery going on that entire time. And we set your trial — in January, I set a trial date for you, at your request, in March, March 18th.
>
> The prosecutor filed a motion to continue. I granted the motion. I think he had family issues and he was unable to be present for the trial on that date, March 18th.
>
> Also, I take note that your attorneys filed, on March 11th, a motion in limine, which we just resolved today, and a motion to voir dire the competency of the complaining witness, and that was resolved today. That could not be resolved until we were going to be going to trial.
>
> What I do note is that from March 18th until — basically, until today's date, the time did not toll for purposes of trial continuance technically,

under the law, because the prosecutor then asked for another continuance of the April 24 — I think it was — April 24 trial date because he was unavailable to participate. He was in trial in another case, so he could not be present.

And I had to continue the case at that time for what I considered good cause. The case was then continued until Monday, May 20th. On Monday, May 20th, the prosecutor was out sick, and I — speedy trial time had not run at that time. I continued the trial until today's date —

THE DEFENDANT: Mm-hmm.

THE COURT: — which was one — the holiday was yesterday, so we couldn't be in trial yesterday. And I continued it to today's date at the request of the prosecutor because he was ill.

Sir, the law — you also filed, in the middle of all of that, your own motion to remove counsel and assign new counsel due to irreconcilable differences. We had to hold a couple of hearings on that. That motion was filed — well, it wasn't, technically, filed with the Court, but it came to my attention somewhere between —by April 11th or after.

And it was brought to my attention by the prosecutor. It was received by their office, but it wasn't filed with me. We did have a number of hearings to address your concerns about your attorneys. Those things will toll the time.

The law says that, under 2945.72, extension of time for hearing, under H: "The period of any continuance granted on the accused's own motion and the period of any reasonable continuance granted other than upon the accused's own motion." I believe, based on the record in this case, that the continuances — at least the one for [the prosecutor] being in trial — he could not be present. We got a new trial date and then he was sick. I gave less than a week continuance from last week until today's date, and I do find that those continuances are reasonable.

While you're close to the speedy trial time and probably over it because of those continuances, I am going to deny your motion to dismiss on speedy trial for the reasons that I just put on the record.

[Defense counsel], you can object for the record.

[DEFENSE COUNSEL]: Your Honor, I would like to object for the record.

(Tr. 69-79.) The trial court denied Field's oral motion to dismiss concluding that Field's rights were not violated and that the record reflected sufficient tolling events.

{¶ 7} On that same day, the matter proceeded to jury trial. At the close of the State's case, the kidnapping count was dismissed pursuant to Crim.R. 29. The jury returned guilty verdicts as to two counts of gross-sexual imposition and not guilty on the remaining counts. The trial court sentenced Field to 18 months in prison on each count to be served consecutively. The trial court advised Field of mandatory postrelease control and sex-offender-registry requirements and waived fines and court costs.

{¶ 8} Field appeals and raises the following assignments of error for review:

> The lower court abused its discretion and erred when it dismissed [Field's] claim of a violation of his Constitutional right to a speedy trial when the record below did not clearly support sufficient reasonable tolling events to overcome the prima facia violation of his speedy trial right.

## II. Law and Analysis

{¶ 9} Appellate review of a speedy-trial issue involves mixed questions of law and fact. *State v. Sanders*, 2019-Ohio-1524, ¶ 19 (8th Dist.), citing *State v. Loder*, 2010-Ohio-3085, ¶ 9 (8th Dist.). We will defer to the trial court's findings of fact provided the findings are supported by competent, credible evidence in the record. *Id.* We apply a de novo standard of review to legal issues and independently review whether the trial court properly applied the law to the facts. *Id.* We note that when reviewing the legal issues presented in a speedy-trial claim, an appellate court must strictly construe the relevant statutes against the State. *State v. Tuttle*, 2022-

Ohio-303, ¶ 9, citing *Brecksville v. Cook*, 75 Ohio St.3d 53, 57 (1996). Moreover, when analyzing the procedural timeline record of the case, this court is required to strictly construe any ambiguity in the record in favor of the accused. *Id.*, citing *State v. Johnson*, 2001 Ohio App. LEXIS 999, *6 (8th Dist. Mar. 8, 2001).

{¶ 10} In his sole assignment of error, Field asserts that his constitutional and statutory speedy-trial rights were violated. He specifically disputes "the court's rendition of facts . . . relative to the appropriate periods of tolling." (Field's brief p. 8.) He contends that the trial-court record does not set forth sufficient tolling events and that the case should be remanded for a full hearing on Field's motion. Because Field's argument only focuses on his statutory right to a speedy trial, pursuant to App.R. 12(A)(2) and 16(A)(7), we will not address Field's constitutional speedy-trial rights.

{¶ 11} In the instant case, Field informed the trial court, on the day of trial, that he had been in county jail for 270 days and that his speedy-trial rights had been violated. R.C. 2945.71(C)(2) provides that a person charged with a felony must be brought to trial within 270 days unless the right to a speedy trial is waived. If a person is held in jail in lieu of bond, then each day that the suspect is in custody counts as three days; in other words, the accused must be brought to trial within 90 days. R.C. 2945.71(E). A person who is not brought to trial within the prescribed time periods found in R.C. 2945.71 and 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred. R.C. 2945.73.

{¶ 12} Nevertheless, speedy-trial time may be tolled by certain events delineated in R.C. 2945.72, including "any period of delay necessitated by reason of a plea . . . , motion, proceeding, or action made or instituted by the accused" or for "the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(E) and (H). When reviewing a speedy-trial issue, the appellate court counts the days and determines whether the number of days not tolled exceeds the time limits for bringing the defendant to trial as set forth in R.C. 2945.71. *State v. Jackson*, 2023-Ohio-2381, ¶ 70 (8th Dist.), citing *State v. Ferrell*, 2010-Ohio-2882, ¶ 20 (8th Dist.), citing *State v. Barnett*, 2003-Ohio-2014, ¶ 7 (12th Dist.), and *Brecksville v. Cook*, 75 Ohio St.3d 53 (1996).

{¶ 13} Generally, when computing how much time has run against the State under R.C. 2945.71, we begin with the day after the accused was arrested. *Jackson* at ¶ 71, citing *State v. Broughton*, 62 Ohio St.3d 253, 260 (1991). According to the docket, Field was arrested on September 3, 2023; therefore, Field's speedy-trial time began to run on September 4, 2023.

{¶ 14} The docket indicates that Field filed for discovery on September 26, 2023, which the State responded to on September 29, 2023. "A defendant's demand for discovery tolls the speedy trial time until the state responds to the discovery or for a reasonable time, whichever is sooner." *State v. Garner*, 2016-Ohio-2623, ¶ 21 (8th Dist.), citing *State v. Shabazz*, 2011-Ohio-2260, ¶ 26, 31 (8th Dist.); R.C. 2945.72(E). Therefore, 22 days of speedy-trial time accrued from September 4 until September 26, 2023, when Field filed his demand for discovery. Time then

tolled from September 26 to September 29, 2023, when the State responded to discovery and filed for reciprocal discovery.

{¶ 15} Thereafter, the first pretrial was held on October 5, 2023, and the matter was continued for ongoing discovery until November 7. We note that the docket does not indicate that the pretrial was continued at Field's request; however, it appears from the record that the trial court concluded that all pretrial continuances were at Field's request for ongoing discovery. Consequently, time tolled again after the first pretrial on October 5, when continuances were granted at the defendant's request for ongoing discovery. *State v. Jackson*, 2023-Ohio-2381, ¶ 77 (8th Dist.). Therefore, six days of speedy-trial time accrued from September 29 to October 5, 2023, for a total of 28 days.

{¶ 16} Even if we were to determine that time was not tolled at the first pretrial, we observe that Field did not respond to the State's request for discovery until March 11, 2024. In *State v. Palmer*, 2007-Ohio-374, the Ohio Supreme Court held that "[t]he failure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D)." *Id.*, at paragraph one of the syllabus. This court has generally considered 30 days to be a "reasonable" response time when applying R.C. 2945.72. *State v. Geraci*, 2015-Ohio-2699, ¶ 23 (8th Dist.). Accordingly, time would have run from September 29 to October 29, 2023, for an additional 30 days of speedy-trial time, for a total of 52 days. Time,

however, would have tolled from October 29, 2023, to March 11, 2024, because of Field's failure to provide discovery to the State.

{¶ 17} While the State's request for discovery was outstanding, a second pretrial was held on November 7, 2023, and the case was continued for ongoing discovery to November 28, 2023. A third pretrial was held on November 28, 2023, and was continued at Field's request for ongoing discovery to December 19, 2023. A fourth pretrial was held on December 19, 2023, and was continued for ongoing discovery to January 11, 2024. A fifth pretrial was held on January 11, 2024, and was continued at Field's request for potential resolution of the case and an in-person hearing on February 28, 2024. A trial date of March 18, 2024, was also set at Field's request. Again, pretrial continuances for ongoing discovery granted at Field's request tolls time. *Jackson* at ¶ 77. In addition, Field's failure to respond to the State's discovery request overlaps this time period also tolling time. Accordingly, no speedy-trial time had elapsed from October 29, 2023, to March 18, 2024.

{¶ 18} In addition, on March 6, 2024, Field filed a "motion to voir dire competency of complaining witness," and on March 11, 2024, Field filed a motion in limine, which tolled time pursuant to R.C. 2945.72(E), until the trial court ruled on the motions on May 28, 2024. Thus, time was tolled from March 6 to May 28, 2024, because of Field's own motions.

{¶ 19} Turning now to the continuances granted at the State's request, R.C. 2945.72(H) provides that time may be tolled for any reasonable continuance "granted other than upon the accused's own motion." Here, the trial court granted

the State's request for continuance of the March 18, 2024 trial date because of "a family emergency." (Tr. 24 and 72.) Trial was continued to April 24, 2024, when the State again requested a continuance because the prosecutor was engaged in trial and the lead detective was in a car accident. Trial was continued to May 20, 2024. On May 20, 2024, the prosecutor was ill, and a brief continuance was granted to May 28, 2024. As this court has held, "Motions to continue that are filed by the prosecution may also toll speedy trial time so long as the trial record affirmatively demonstrates the necessity for a continuance and the reasonableness thereof." *Cleveland v. Collins*, 2018-Ohio-958, ¶ 56 (8th Dist.), citing *State v. Myers*, 2002- Ohio-6658; *Shabazz,* 2011-Ohio-2260, at ¶ 29. The trial court found the continuances to be reasonable, and this court agrees. Consequently, Field's time was also tolled by the continuances granted at the State's request from March 18 to May 28, 2024.

{¶ 20} Therefore, based on the record before us, we find that at most 52 days out of 90 days had accrued before Field was brought to trial. Accordingly, we conclude that Field's speedy-trial rights were not violated.

{¶ 21} Finally, we note that a trial court need not conduct an evidentiary hearing on a speedy-trial motion where the court is able to determine the issue from the record. *State v. Frazier,* 2012-Ohio-1198, ¶ 29 (8th Dist.), citing *State v. Freeman*, 2005-Ohio-3480, ¶ 62 (8th Dist.), citing *Whitehall v. Rovnak*, 1992 Ohio App. LEXIS 6764 (10th Dist. Dec. 24, 1992); *State v. McCain*, 2016-Ohio-4992, ¶ 31 (9th Dist.), citing *State v. Rucker*, 2013-Ohio-2493, ¶ 22 (5th Dist.) (noting that no

statute, case law, or criminal rule requires a trial court to hold a hearing on a motion to dismiss for want of a speedy trial). Here, the trial court was able to determine the speedy-trial issue from the record; therefore, an evidentiary hearing was not required.

**{¶ 22}** Accordingly, Field's sole assignment of error is overruled.

**{¶ 23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The appellant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR