[Cite as *State v. Griffin*, 2018-Ohio-60.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-492 |
| v. | : | (C.P.C. No. 12CR-2434) |
| Calvin Griffin, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 9, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee. **Argued:** *Laura R. Swisher.*

**On brief:** *Andrew P. Avellano*, for appellant. **Argued:** *Andrew P. Avellano.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Calvin Griffin, appeals a June 12, 2017 decision on motion of the Franklin County Court of Common Pleas denying his post-sentencing motion to withdraw a guilty plea entered nearly five years earlier that resulted in a ten-year prison sentence. Because we find that the trial court did not abuse its discretion denying Griffin's post-sentencing request to withdraw his guilty plea, we affirm the trial court's judgment.

I. FACTS AND PROCEDURAL HISTORY[1]

{¶ 2} On July 1, 2010, Griffin was indicted in case No. 10CR-3850 for possession of a weapon while under a disability and felonious assault with a gun specification. While

---

[1] Because Griffin has not appealed any case other than No. 12CR-2434 or sought to withdraw his guilty plea with respect to any of his other criminal cases, the record on appeal includes only documents and information from case No. 12CR-2434. As the procedural history underlying those other cases seems not to be in dispute, despite the fact that the records are not properly before this Court, for the sake of judicial economy and coherence, we briefly recount the procedural history of cases involved.

that case was pending, Griffin was indicted in three more cases, Nos. 12CR-470, 12CR-1407, and 12CR-1543 for various drug and weapons offenses. Griffin was also reindicted, in case No. 12CR-2434, for the same offenses set forth in No. 10CR-3850, but this time with the addition of a "drive-by" specification as set forth in R.C. 2941.146; i.e., "committing a felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another and that was committed by discharging a firearm from a motor vehicle other than a manufactured home."

{¶ 3} Following guilty verdicts in case No. 12CR-470, Griffin pled guilty to all counts in case No. 12CR-1407 and No. 12CR-1543, and also pled guilty to the felonious assault charge in case No. 12CR-2434. (Aug. 10, 2012 Jgmt. Entry case No. 12CR-2434 at 1; Aug. 10, 2012 Jgmt. Entry in case No. 12CR-470 at 1, Ex. 5 to Mar. 28, 2017 Mot. to Withdraw Plea.) The weapon under disability count in case No. 12CR-2434 was dismissed as was case No. 10CR-3850. (Aug. 10, 2012 Jgmt. Entry case No. 12CR-2434 at 1.) In case No. 12CR-2434, the trial court sentenced Griffin to four years on the felonious assault count and five years on the drive-by specification, to be served consecutively to the four years for felonious assault. *Id.* at 2. The trial court imposed this sentence consecutively to a one-year specification imposed in case No. 12CR-470. *Id.* The sentences in the other cases were: four years plus the one-year consecutive specification for case No. 12CR-470, one year for case No. 12CR-1407, and one year for case No. 12CR-1543. (Aug. 10, 2012 Jgmt. Entry in case No. 12CR-470 at 2, Ex. 5 to Mot. to Withdraw Plea; Feb. 22, 2017 Sentence Computation, Ex. 3 to Mot. to Withdraw Plea.) Except for the four-year sentence in case No. 12CR-2434, which was consecutive to the five-year specification and the one-year specification in case No. 12CR-470, all sentences in all the cases were to be served concurrently with each other. (Aug. 10, 2012 Jgmt. Entry case No. 12CR-2434 at 2; Aug. 10, 2012 Jgmt. Entry in case No. 12CR-470 at 2; Feb. 22, 2017 Sentence Computation.) In short, the total term of incarceration imposed was ten years. (Aug. 10, 2012 Jgmt. Entry case No. 12CR-2434 at 2.)

{¶ 4} Griffin appealed case No. 12CR-470 alleging that he was deprived of the right to counsel of his choice when the trial court refused to appoint new counsel on the morning of trial and that he was denied effective assistance of counsel when his counsel failed to file a motion to suppress certain evidence against him. *State v. Griffin*, 10th Dist. No. 12AP-

798, 2013-Ohio-5389, ¶ 5.  This Court overruled both of Griffin's assignments of error and affirmed.  *Id.* at ¶ 22, in passim.  Griffin did not timely appeal any of his other cases.

{¶ 5}  On March 28, 2017, Griffin filed a motion to withdraw his guilty plea in case No. 12CR-2434.  (Mar. 28, 2017 Mot. to Withdraw Plea.)  In his motion, he argued that he should be permitted to withdraw his plea based on counsel's alleged failure to advise him competently of an offer by the prosecution to resolve all of his pending cases for a total prison term of six years.  *Id.* in passim.  Griffin also argued that the proper remedy is for the six-year deal to be reinstated such that Griffin's sentence in all cases does not exceed six years.  *Id.* at 18.  The motion was apparently not filed in any of his other cases, Nos. 12CR-470, 12CR-1407, or 12CR-1543, none of which contained sentences beyond six years.

{¶ 6}  Following briefing by the State and a reply in support by Griffin, the trial court issued a decision on June 12, 2017.  (June 12, 2017 Decision on Mot.)  It found that transcripts showed that Griffin was apprised of more than one plea deal throughout the course of proceedings, including the six-year offer and that he rejected all of them.  *Id.* at 1-2.  Griffin now appeals that ruling but has not attempted to appeal any of his other cases in relation to his motion.

## II. ASSIGNMENT OF ERROR

{¶ 7}  Griffin asserts a single assignment of error for review:

> The trial court erred in denying Appellant's motion to withdraw his guilty plea and reinstate a "global" plea deal to resolve four pending cases, as Appellant was denied effective assistance of counsel in the resolution of his guilty plea in said cases, in violation of the Ohio Constitution, Article I, Section 10 and in violation the 6th and 14th Amendments to the U.S. Constitution.

## III.  DISCUSSION

{¶ 8}  When a defendant seeks to withdraw his or her guilty plea after sentence is imposed, the court "may set aside the judgment of conviction and permit the defendant to withdraw his or her plea" in order "to correct manifest injustice."  Crim.R. 32.1; *see also State v. Reeder*, 12th Dist. No. CA2013-05-075, 2014-Ohio-2233, ¶ 23.  The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea.  *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.

> The decision whether to hold a hearing on a postsentence motion to withdraw guilty plea and whether to grant or deny

the motion is left to the discretion of the trial court. [] *Smith*, 49 Ohio St.2d 261 [], paragraph two of the syllabus * * *. Therefore, this court's review of the trial court's denial of a post-sentence motion to withdraw a guilty plea or the decision not to hold a hearing is limited to a determination of whether the trial court abused its discretion. *State v. Conteh*, 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 16.

*State v. Chandler*, 10th Dist. No. 13AP-452, 2013-Ohio-4671, ¶ 8. "Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, we note that no court has the authority, within its discretion, to commit an error of law." (Citations omitted.) *Id.*, citing *State v. Beavers*, 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8; *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 9} Of the multitude of cases for which Griffin was incarcerated, he has chosen to seek withdrawal of his guilty plea in just a single case, and he has done so nearly five years after he was sentenced. It does not appear to have escaped the trial judge's attention that Griffin waited to file his motion until his concurrent sentences expired, leaving just this particular, lengthier one remaining. While it goes without saying that Griffin's timing places the State at a disadvantage, this passage of time also may bear on the trial court's exercise of discretion in determining whether there is manifest injustice warranting withdrawal of Griffin's post-sentencing guilty plea.

{¶ 10} Even though Crim.R. 32.1 places no temporal limitation on the ability of courts to "correct manifest injustice" to set aside a conviction by guilty plea after a sentencing timing may be considered by a court in exercising discretion for post-sentencing. S*ee also State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 14. This is because " 'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.' " *Id.*, quoting *Smith* at paragraph three of the syllabus; *see also State v. Crankfield*, 7th Dist. No. 13 MA 122, 2014-Ohio-2624, ¶ 9, fn. 1. We acknowledge that Griffin's timing is suspect, and the trial court was well within its discretion to consider that factor.

{¶ 11} We also note that Griffin's motion to withdraw includes an affidavit that does not square with the transcripts submitted to the trial court by the State. Griffin stated the

following in his affidavit in support of his post-sentencing motion to withdraw his guilty plea:

> 6. * * * During the entire course of the pretrial proceedings, my attorney * * * never discussed the case with me.
>
> 7. The limited contact we had during pretrial proceedings involved her introducing herself to me and discussing the amount of the retainer. She was paid a retainer of $3,500.
>
> 8. During the four month [sic] period leading up to the July 23, 2012 trial, my attorney and I never discussed the case, and, as a result, no investigation was completed with respect to said cases.
>
> * * *
>
> 11. On the morning of the jury trial, in Case No. 13-470 [sic], on July 23, 2012, for the first time I heard the prosecution had offered me six years, for all of the cases, in a "package offer." [My attorney] came in to the holding cell and abruptly informed me they are offering me six years and take it or leave it. Up to this time, i.e., between March 2012 and July 2012, on the date of trial, I received no plea offer from my attorney. I was aware of no plea negotiations between the prosecutor and my attorney until the offer was made on the morning of the trial date.
>
> 12. Since I had never discussed the merits of the cases, or any defenses of the cases with the attorney, and since no investigation had been done on the case, and no plea offer had been communicated to me until July 23, 2012, I declined the offer.
>
> 13. Since no discussions had occurred with respect to the plea offer before the date of the jury trial in the other case, I had no idea of the pros and cons regarding whether to accept the plea offer of six years.
>
> 14. If my attorney * * * had visited with me and discussed the merits of the case, after investigation and consultation with the prosecutor, I would have accepted the offer of a total of six years for all of the cases. If my attorney, at the time, after consulting with the prosecutor, had communicated to me the reasons for accepting the offer before July 23rd, I would not have gone through a jury trial on the other case and would have realized the better path to take was to accept the offer of six years.

\* \* \*

19.  There was a complete breakdown in communications with my attorney during the pretrial proceedings.  The reason there was a complete breakdown is because there was absolutely no communication between the two of us to even discuss the merits of the cases.  The first time I met my attorney to discuss the case was on the morning of the jury trial.  Before that we had zero communication. I received the package offer of six years, on July 23, 2012.

(Griffin Aff. at ¶ 6-8, 11-14, 19, Ex. 1 to Mot. to Withdraw Plea.)

{¶ 12}  Yet, a transcript submitted by the State from case Nos. 10CR-3850, 12CR-470, 12CR-1407, and 12CR-1543, shows (contrary to Griffin's averments) that the trial court and counsel for both sides discussed plea negotiations with the defendant.  (May 14, 2012 Tr. case No. 10CR-3850 at 2-6, attached to May 2, 2017 Memo. Contra Mot. to Withdraw Plea.)  For example:

[PROSECUTION]: Your Honor, I would like to put our offer on the record too and his rejection of it on the offer -- or on the record. State extended an offer today of eight years in prison to wrap up all four cases. The defendant rejected that.

After he rejected it, the State offered to plead to an F-4 aggravated assault with no specification on 10-3850. We offered an F-4, which is the indictment, on 12-1543; and we offered possession of cocaine, F-5, on 12-1407; and on 12-470 we offered the F-2 with the gun spec.

That range would have been a sentence between three years and 12 years with each party arguing at sentencing. The State, of course, would argue for the eight years that we initially offered; but the defense chose -- has also chosen to reject that package offer of the three to 12 with leaving arguing -- or leaving sentencing to the judge.

The State would like to put that formally on the record. And the State additionally will be withdrawing all those offers should the defendant choose not to take that today.

[SECOND PROSECUTOR]: Judge, I would also indicate as to the felonious assault case, we would offer an F-4 agg. assault without specification. I indicated to [Defense Counsel] at the previous trial date and again today that if it was going to be a trial, I would need to re-indict the case with a drive-by specification, which is a mandatory five-year specification that

attaches to that count. For whatever reason the Grand Jury prosecutor failed to add that specification.

That would make -- take the case from our offer of an F-4, which is a discretionary six to 18 months to, if convicted, a mandatory minimum of seven years on top of any other sentence he might receive on the drug cases. I also indicated today that if the offer is rejected and we re-indict the case, the F-4 will not be re-offered.

THE COURT: Do you understand the offer, Mr. Griffin?

DEFENDANT GRIFFIN: Yes, I do.

(May 14, 2012 Tr. case No. 10CR-3850 et seq. at 2-4.)

{¶ 13} Approximately two months later, on July 23, 2012, the following exchange took place:

[PROSECUTION]: Your Honor, I would like to put on the record, we made another offer today. Actually despite -- despite our last trial date, the last time we were in here, we offered eight years to wrap up every case, all of these cases. The Defendant chose at that point to reject that.

At that time we -- both [the other prosecuting attorney] and I said there would be no offers. However, [the defense attorney] came in today with a counteroffer of six years.

[The other prosecutor] and I talked about it at length. We agreed that we thought six years could be appropriate in this case.

The Defendant was -- it was taken back to the Defendant. He again chose to reject that -- that offer, so that's six years to wrap up all of these cases. The Defendant faces a potential, I believe it was, 34 years on the cases all told. The Defendant's chosen to reject that. At this point the State would just as soon we move forward with the trial on 12CR-470.

THE COURT: Okay. Is that correct, Mr. Griffin, you're not interested in resolving these cases for a total of -- how many years?

[PROSECUTION]: Six, Your Honor.

[DEFENSE]: Six years.

THE COURT: For a total of six years.

[DEFENSE]: But then that would be minus the six months he's done, approximately six months.

So, it would actually be more like five and a half years.

THE COURT: Just looking at the charges, it is possible for you to get up to somewhere in the mid thirties. I haven't figured it up year by year, but you could get over 30 years if you ended up getting convicted of all these charges.

And you're-- is that correct, you're not interested in resolving it for six years?

DEFENDANT GRIFFIN: Yes, sir, it is.

THE COURT: Okay. This case we're starting today, it looks like you could get up to 14 years on just this case alone. So, we'll see.

(Tr. Excerpt at 5-7, Ex. 8 to Mar. 28, 2017 Mot. to Withdraw Plea.)

{¶ 14} The disparities between Griffin's averments and the transcripts of proceedings amply support the trial court's decision that Griffin's affidavit did not satisfy his burden to show that withdrawal of his plea was warranted to "correct manifest injustice." Crim.R. 32.1; *see Smith* at paragraph one of the syllabus. Accordingly, we hold that the trial court was well within its discretion to deny Griffin's motion to withdraw his plea and Griffin's sole assignment of error is overruled.

## IV.  CONCLUSION

{¶ 15} Griffin's affidavit regarding whether his counsel communicated with him about plea offers during the course of the case is contradicted by transcripts of on-the-record statements made in Griffin's presence with Griffin's participation. The trial court did not abuse its discretion in concluding that Griffin was properly apprised of the various plea offers, rejected them, and therefore that it would not correct a manifest injustice to permit Griffin to withdraw his plea. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

––––––––––––